NEALE *v.* FOSTER and others.

(*Circuit Court, D. Oregon.* June 15, 1887.)

REMOVAL OF CAUSE—APPLICATION TO REMAND—ACT OF 1887—DIVERSE CITIZENSHIP.

The plaintiff being the owner and assignee of a non-negotiable contract, namely, two judgments for money, brought suit in the state court to set aside certain alleged fraudulent conveyances by the judgment debtor, and to subject the lands described therein to the satisfaction of said judgments, and then caused the suit to be removed to this court, stating in his petition therefor that the plaintiff is a citizen of Illinois, and the defendants citizens of

Oregon, and that on account of prejudice and local influence he could not obtain justice in the state court; in support of which latter statement he filed an affidavit, as required by subdivision 3 of section 639 of the Revised Statutes. On April 29th, and after the case had been put at issue by a replication to the defendant's answer, and the same had been referred to the master to take the testimony, and find the facts and conclusions of law arising thereon, and after the testimony was closed, and the case was awaiting the convenience of the master for final argument before him, the defendants applied, under section 2 of the act of 1887, (24 St. 553,) to examine into the truth of said affidavit, alleging that the same is untrue; on which issue affidavits were filed by the parties. *Held,* (1) that the proceeding authorized by the act of 1887, whereby this court is called upon to pass on the fitness of a state judge to try a particular case, is indelicate and inexpedient; (2) the application is too late, not having been made before the trial, or hearing commenced before the master; and (3) the cause was removable on the ground of the diverse citizenship of the parties, irrespective of the question of prejudice and local influence, and therefore the application to remand is denied, without passing on the same.

*(Syllabus by the Court.)*

Suit in Equity to set aside Fraudulent Conveyances.    Application to remand.

*C. E. S. Wood,* for plaintiff.

*Earl C. Bronaugh,* for defendants.

DEADY, J.    This suit was commenced in the circuit court of the state for Linn county on July 1, 1886; and on July 6th was removed, on the petition of the plaintiff, to this court.    It appears from the complaint that the suit is brought to set aside certain conveyances of real property situate in said county, and made by the defendant Foster, when in failing circumstances, to the defendants Pearce and John A. and William Crawford, of said county, and subject the same to the payment of two certain judgments, equal in value to $15,966, with interest from March 8, 1886, of which the plaintiff is, for a valuable consideration, the assignee of certain citizens of Oregon.

The petition for removal states that the plaintiff is a citizen and resident of Illinois, and the defendants are citizens of Oregon, and that the controversy in said suit is between citizens of different states; that the plaintiff also desires to remove said suit under subdivision 3 of section 639 of the Revised Statutes, and has filed the affidavit required for that purpose.    The affidavit is made by the plaintiff's attorney, and states that the affiant and the plaintiff "have reason to believe, and do believe, that, from prejudice and local influence," the latter "will not be able to obtain justice in said state court."

On August 21st the defendants answered, and on September 10th the cause was put at issue by the filing of a replication thereto; and on October 7th the case was referred to a master to take the testimony therein, and report his findings of fact and conclusions of law thereon.    The testimony has long been closed, and the case is awaiting the convenience of the master for final argument before him.

On April 29th the defendants made an application under section 2 of the act of March 3, 1887, (24 St. § 553,) to examine into the truth and grounds of said affidavit, alleging therein that the same was untrue, and

in support of such allegation filed the affidavits of the sheriff and clerk of the county, and the defendants Foster, and John A. and William Crawford. The plaintiff having a day to reply to the same, filed the affidavits of the defendants Baltimore and Goltra, who have unsatisfied judgments against Foster, and of three other respectable citizens of the county. The affidavits for the defendants are simply to the effect that the plaintiff is unknown in the county, and the affiants are not aware of any prejudice against him, either by the people or the judges of the courts. The affiants for the plaintiff state that the judge of the circuit court of Linn county is regarded as generally prejudiced in favor of the principal defendant, John A. Crawford, and that the plaintiff is not likely to have a fair trial in that court against said defendant; and also that one of the three judges of the supreme court of the state is a resident of said county, and acted as the attorney and adviser of Foster and Crawford in the preparation and execution of the alleged fraudulent conveyances.

This case is a good illustration of the indelicacy and inexpediency of the proceeding authorized by the act of 1887, whereby this court may be required to pass upon the fitness of a state judge to try a particular case. The affidavits of the defendants amount to nothing. Of course there is no prejudice in the county against the plaintiff personally, for he is unknown to the community. But there may be a prejudice in favor of his adversary that would be as much in his way of obtaining justice as a prejudice against himself. The prejudice and local influence mentioned in the statute is not merely a prejudice or influence primarily existing against the party seeking a removal. It includes as well that prejudice in favor of his adversary which may arise from the fact that he is long resident and favorably known in the community. Then there is the element of local influence, which implies that in a controversy between a stranger and resident parties having the power, through wealth, business or social relations, or personal popularity, or all combined, to direct or materially aid in the direction of political parties, and control the selection of public officers and the distribution of party emoluments, the former may be at a great disadvantage, if not powerless to assert his right.

And this implication is no unusual reflection on any particular community or persons. On the contrary, it is such a well understood and recognized frailty of human nature that jurisdiction of controversies between citizens of different states was expressly given by the constitution to the national government, and this, not only as a means of doing justice, but of facilitating the trade and intercourse between the people of the several states, which the constitution was formed, for more than any other purpose, to protect and promote. Neither is it unreasonable that in a case like this, where a stranger from another state is seeking to set aside conveyances made in favor of local creditors of long standing and high character in the community by a failing debtor of like standing and character, that there should be prejudice and local influence, not against the plaintiff personally, but against his cause, and in favor of his adver-

saries. How far this influence and local prejudice might extend, and whether it would consciously or unconsciously influence the mind and action of the court, would depend largely on the temper and character of the judge.

Counsel for the defendants maintain that, admitting there is a prejudice and local influence in Linn county in favor of the defendants in this case, the case being an equity one, to be decided by the court without a jury, there is no reason to think or believe that the circuit judge would be affected or influenced by it in the least degree. On the other hand, counsel for the plaintiff contends that on the proofs, and in the nature of things, there is a strong prejudice and influence in Linn county in favor of the defendants in this controversy; and that the circuit judge, who holds his office by the good will of this community, and is a particular friend of the principal defendant, may be, and probably will be, more or less unconsciously affected in his mental vision and conclusions by these circumstances.

I have been thus at some pains to state the nature of this application, and the proceedings thereon, more particularly for the purpose of correcting a gross misrepresentation that got into the newspapers, at the time, concerning what was said by counsel for the plaintiff about the judge of the circuit court for Linn county. The fact is, nothing whatever was said against his integrity, and counsel was careful to disclaim any such purpose. And I deem it due to myself to say that, if anything of the kind had been attempted, I would have considered it my duty to check it at once. And now, having said this much on this phase of the subject, I propose to dispose of the application without passing on the question of prejudice and local influences.

In the first place, in my judgment it comes too late. The statute provides that it may be made "at any time before the trial." Ever since this case was referred to the master, with directions to take the testimony, and find the facts and conclusions of law arising thereon, it has been on trial. The proceeding, and the effect of it, is in all respects similar to a trial before a referee under the Code. In the second place, the cause was removable to this court, and was so removed, under section 2 of the act of 1875, as a suit in which there is a controversy between citizens of different states. Although the plaintiff, as assignee of a non-negotiable contract, could not have brought this suit in this court in the first instance, because his assignors, who were citizens of Oregon, could not, yet he might remove it here from the state court. This has been settled by the supreme court of the United States in *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81, 3 Sup. Ct. Rep. 507, in which it was distinctly held that the restrictions on the commencements of suits in the national courts contained in section 1 of the act of 1875, does not apply to their removal under section 2 of said act. And this conclusion does not, as suggested by counsel for defendants, render nugatory the provision (subdivision 3, § 639 Rev. St.) for removing causes on the ground of prejudice or local influence, or that of the act of 1887, allowing the grounds of such removal to be contested in the circuit court. For although a cause cannot

be removed for prejudice or local influence, unless the parties are also citizens of different states, yet it may be removed on the former ground after it is too late to apply on the latter one alone. The petition, in the case of diverse citizenship, must be filed before or at the time at which the suit could first be tried; while, in the case of prejudice or local influence, it is sufficient if the petition is filed before the final trial or hearing thereof,— and this may be long after the time at which the suit could first be tried. Indeed, it may be filed after a mistrial or a new trial granted, when the prejudice or local influence has so manifested itself as to enable the party against whom it exists to make the necessary affidavit for removal. *Insurance Co.* v. *Dunn*, 19 Wall. 214.

The fact is, this case was removed on two grounds, or at least two grounds for removal are well stated in the petition; and so long as there is good cause of removal appearing of record, the adverse party is not entitled to have the cause remanded.

The application is denied.