## Ex parte BOPST.
### No. 4289.

Circuit Court of Appeals, Fourth Circuit.
April 5, 1938.

Arthur F. Kingdon, of Bluefield, W. Va., for petitioner.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is a petition for a writ of mandamus to require the Judge of the District Court of the United States for the Western District of Virginia to vacate an order remand-

ing a case to the state court from which it had been removed. The petition shows that the case was commenced in July, 1937, by notice of motion for judgment returnable September 16, 1937. On July 27th the defendant obtained an order requiring plaintiff to file a bill of particulars and also requiring defendant to file grounds of defense. On August 9th, defendant moved for a more specific bill of particulars and order was entered requiring same and allowing defendant thirty days after its filing to file grounds of defense. The bill of particulars was filed on August 17th; and on September 10th defendant filed petition that the case be removed into the court below and order of removal was thereupon entered. Plaintiff then moved below to remand the case to the state court, and this motion was sustained and the cause was remanded on the ground that it had been improperly removed. The removal was adjudged improper because it was thought that defendant had waived his right to remove by applying for and obtaining a bill of particulars and by consenting to the order requiring him to furnish grounds of defense. The only question which we need consider on the application for mandamus is our jurisdiction to award the writ on the facts as stated.

We think it perfectly clear under the authorities that we are without power, by mandamus or otherwise, to review the action of the lower court in remanding the cause, and that the petition must be denied for that reason. Section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, provides: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed." And in the case of In re Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738, the Supreme Court, speaking through Mr. Justice Bradley, pointed out that the effect of this statute was to forbid the granting of mandamus where right of appeal was denied.

In Travelers' Protective Association v. Smith, 4 Cir., 71 F.2d 511, 512, which dealt with a case properly removed into the federal court but remanded without a finding of improper removal because of a remittitur subsequently entered, we held that mandamus would lie because there was no finding of improper removal and nothing in the record from which the presumption could be indulged that the case was remanded for that reason. We were at pains to point out in that case, however, that relief would not be afforded by mandamus or otherwise where a case was remanded because improperly removed or where upon the record the presumption could be indulged that the order remanding it was based upon that ground. We said: "It is clear that the effect of this statutory provision is to forbid appellate review of an order remanding a case when 'the district court shall decide that the cause was improperly removed.' In such case, the order of remand is a final determination of the right to remove and is not reviewable by appeal, mandamus, or otherwise. And we think that, even though the court may not make an express finding as to improper removal, the order of remand is not subject to review, if upon the record the presumption can be indulged that the order was made because the court was of opinion that the removal was improper; for in such case the maxim applies omnia praesumuntur rite esse acta."

We see no ground of distinction in the fact that the impropriety of the removal here was found to rest upon procedural rather than upon jurisdictional grounds. The tenuous nature of such distinction clearly appears when it is remembered that in removal proceedings the provisions of the removal statute must be strictly followed, and that procedural matters thus become jurisdictional. The purpose of the statutory provision which we have quoted was to obviate the delay which would result from reviewing orders of removal; and we see no reason why this salutary purpose should be defeated in the large class of cases in which removal is adjudged improper because of failure to comply with procedural requirements. The statute makes no such distinction, and we know of no ground upon which it can logically be based.

It is suggested that because the provision quoted appears in section 28 of the Judicial Code, as amended, 28 U.S.C.A. § 71, which provides the right of removal, and not in section 29, 28 U.S.C.A. § 72, which prescribes the procedure, it should be held not to foreclose the right of review where the remand is based upon procedural grounds. See Bankers Securities Corp. v. Insurance Equities Corp., 3 Cir., 85 F.2d 856, 108 A.L.R. 960. The answer is that

the two sections relate to the same matter, and are parts of the same jurisdictional statute. Act March 3, 1875, c. 137, 18 Stat. 470. The provision quoted was introduced as an amendment to that statute by the Act of March 3, 1887, c. 373, 24 Stat. 552, 553, 28. U.S.C.A. § 71 note, and the general language used shows clearly that it was intended to apply to any order of remand entered under the provisions of the statute. It has been expressly held to forbid review of such order entered under section 37 of the Judicial Code, 28 U.S.C.A. § 80, which was a part of the same statute. Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 276, 81 L.Ed. 289. In the case cited the Supreme Court, referring to its decision in In re Pennsylvania Co., supra, said: "The provisions in the act of 1887 on which that decision and others to the same effect were based are still in force as parts of sections 71 and 80, title 28, U.S. Code (28 U.S.C.A. §§ 71, 80). They are in pari materia, are to be construed accordingly rather than as distinct enactments, and, when so construed, show, as was held in Morey v. Lockhart, 123 U.S. 56, 58, 8 S.Ct. 65, 31 L.Ed. 68, that they are intended to reach and include all cases removed from a state court into a federal court and remanded by the latter."

The precise question here involved was before the Circuit Court of Appeals of the Seventh Circuit in the recent case of Moulding-Brownell Corp. v. Sullivan, 7 Cir., 92 F.2d 646, 648, 649, and we are in accord with the conclusion there reached. As was well said by Judge Major, speaking for the court in that case: "If the prohibition contained in section 28 is to be applied to causes remanded according to the provisions of section 37 (28 U.S.C.A. § 80), we can see no reason why the prohibition should not be likewise applied to causes remanded by failure to comply with the requirements of section 29. If the two former sections are in pari materia and are to be construed accordingly rather than as distinct enactments, it would seem to us that sections 28 and 29 (28 U.S.C.A. §§ 71, 72) are in a like situation and should be similarly construed."

As the District Court decided that the cause was improperly removed into that court and remanded it for that reason, no review of the order remanding it is permissible, by mandamus or otherwise; and the petition for mandamus must accordingly be denied.

Petition denied.