### BARWICK v. PIATT et al.
#### No. 1052.

District Court, E. D. South Carolina, Charleston Division.

Oct. 12, 1943.

John G. Dinkins, of Manning, S. C., and J. Frank Eatmon, of Kingstree, S. C., for plaintiff.

Robert McC. Figg, Jr., of Charleston, S. C., and Willcox, Hardee, Houck & Wallace, of Florence, S. C., for defendants.

WARING, District Judge.

The above entitled cause was commenced by appropriate service and filing of a summons and complaint in the Court of Common Pleas for Clarendon County, South Carolina. The defendant, Atlantic Coast Line Railroad Company, filed proceedings for removal into this court, and subsequently another petition for removal was

filed, the same being a joint petition by the two defendants.

The complaint alleges that the plaintiff suffered personal injuries as the result of a collision between a train of the Atlantic Coast Line Railroad Company and a trailer truck belonging to the defendant, Piatt. It is alleged that the vehicle was being driven by an agent of Piatt across the tracks of the railroad company at St. Stephen, S. C., and a through train struck it and hurled portions of the trailer truck a considerable distance the same striking and injuring the plaintiff. The complaint sets out various specifications of negligence and alleges that the injuries were caused by the joint and concurrent negligence of the two defendants.

The petition to remove is based on two grounds. The first is that the plaintiff is a citizen of South Carolina, while both defendants are citizens of other states, the railroad company being incorporated under the laws of Virginia and Piatt is alleged to be a citizen of Missouri. The second ground for removal is that the cause is one wherein there is a separable controversy. The plaintiff has appeared and moves to remand the cause to the State Court, traversing the allegation as to Piatt being a citizen of Missouri and alleging that there is no separable controversy.

As to the first ground, on behalf of the plaintiff, numerous affidavits have been filed and I have heard oral testimony. It appears that the defendant, Piatt, was a citizen and resident of the State of Missouri and that in February 1940, over three years ago, he came to South Carolina, being then employed by a logging concern. When the business in which that company was engaged ended, Piatt remained in this state; established a home in Clarendon County; has paid taxes on his personal property here; has paid poll taxes for two years, and is on the tax books for 1943 (the time for paying these taxes not yet being past due); has engaged in business on his own account in and around South Carolina; made application for and obtained resident hunting licenses and automobile licenses; and a written statement was introduced which had been signed by Piatt stating that he considered himself a citizen and resident of South Carolina. It also appears that Mrs. Piatt resides in Clarendon County and has evidenced her intention of citizenship by enrolling for voting there. Piatt appeared and testified and states that his intention was to return some time to Missouri and that he is not a citizen of South Carolina. However, this statement is made after suit has been instituted and his testimony was evasive and was flatly contradicted in several respects. His own written statement and the facts adduced as to his business connections; his payment of poll taxes, which a non-resident would not have to pay; his application for automobile licenses as a resident, when he could have applied as a non-resident, there being a special portion of the application blank provided for that purpose; his application for, and obtaining, residential hunting licenses; and all facts surrounding the matter, which have been presented to me, convince me that Piatt is a citizen and resident of South Carolina. Having reached this conclusion, the first ground above set forth for removal to this court, namely, diversity of citizenship between the plaintiff and the defendants, fails, and the cause is not removable on that ground.

The other ground, namely, that there is a separable controversy, provides a more difficult and interesting situation. It is not claimed that the cause of action set forth by the plaintiff as against the two defendants is separable and no argument is made on that ground. The railroad company, however, most earnestly argues that there is a separable controversy by reason of the fact that it has instituted a cross claim against its co-defendant. The pleadings in this cause show that the railroad company has filed an answer denying the allegations of plaintiff's Complaint, and in addition, has filed a cross claim against the defendant, Piatt, wherein it alleges that Piatt's negligence in causing the vehicle to be driven across the right of way of the railroad in the face of warning signals caused the collision with a locomotive operated by the railroad company, as a result of which the locomotive was damaged in its running equipment, the train was caused to stop and was delayed in arriving at its destination and the railroad company was burdened with considerable expense in that it had to pay train crews for several additional hours, and altogether it makes a claim for Five Thousand ($5,000) Dollars damages.

Counsel have failed to show me, nor has my study of the cause in the limited time at hand brought to my attention, any case involving exactly the question in that at

bar. A number of cases have been cited and relied on by counsel for the railroad company, which involve intervenors or parties impleaded. Reliance is placed upon the case of Ellis v. Peak, D. C., 22 F.Supp. 908, wherein a local resident brought suit in a state court against another local resident. The defendant impleaded an insurance company, a resident of another state as provided by a state statute, alleging that the latter had warranted certain property conveyed to the local defendant. The insurance company removed the cause to the United States Court on diversity of citizenship and a separable controversy. In that case the court points out that when the warrantor was brought into the case there was a separable controversy so far as the controversy between the plaintiff and the warrantor was concerned. The warrantor had no controversy or privity of contract nor any part in the tort alleged by the plaintiff against the local defendant, the warrantee. The controversy between the warrantor and the warrantee was an action on a contract, the controversy between the plaintiff and the warrantee was an action on a tort. The two actions were wholly separable and the warrantor had been forced into the suit and had a right to remove it to the federal court. The warrantor in that case was strictly a defendant and the facts are wholly different from those in the case at bar.

In the case of Habermel v. Mong, 6 Cir., 31 F.2d 822, 67 A.L.R. 216, the original defendant in the case in the state court filed a cross bill and brought new parties into the case and these later parties being non-residents caused the case to be removed to the federal court. From a consideration of the facts in that case it will be seen how different it is from the case at bar. A new and separable controversy was introduced into the cause and a new party was brought in and of course had the right to remove.

A similar situation is to be found in the case of Consolidated Textile Corporation v. Iserson, D.C., 294 F. 289, wherein a third party was brought in the case under authority of the New York Civil Practice Act and the last named having been thus impleaded removed the cause to the federal court. The court held that the removal was proper.

Counsel also cite the case of Wichita Royalty Co. v. City Nat. Bank of Wichita Falls, 5 Cir., 95 F.2d 671. In that case new questions were injected into the case by a cross bill and the court held that these questions gave the federal court jurisdiction since they involved the winding up of the affairs of a national bank, which could only be done in a United States court, and the cause, therefore, was one arising under the laws of the United States.

But in the case here under consideration, none of the elements shown in the cases cited on behalf of the defendant railroad company appear. Here there is a suit by an individual against an individual, who is found to be a resident of South Carolina, and a railroad company, a non-resident. There are ample allegations in the complaint of joint negligence and the sole basis of the removal is that the railroad company has a separable independent action against its co-defendant, Piatt, by reason of alleged acts of negligence by Piatt, which resulted in damages to it, the railroad company. There is no federal question involved. The railroad company has not been impleaded and brought into the cause by another defendant. The railroad company is here because the plaintiff, Barwick, alleges that the railroad company was negligent along with its co-defendant, who is a resident of South Carolina. Construing the entire matter most favorably to the contentions of the railroad company and considering that this is a suit within a suit, the railroad company would have to be considered as a plaintiff since its claim against Piatt is an entirely independent claim and could have been brought by a separate action as a plaintiff in either the state or the federal court. The law has been laid down in numerous decisions that the courts may realign parties plaintiff and defendants in determining the true status of claims of the respective parties. If this were done here the railroad company's claim would be that of a plaintiff as against Piatt and of course a plaintiff either in name or in interest can not remove a case from the state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 872, 85 L.Ed. 1214.

The courts have repeatedly held that the Removal Statute, 28 U.S.C.A. § 71, should be strictly construed and are jealous of the rights of state courts.

"The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary

Articles of the Constitution". Shamrock Oil & Gas Corp. v. Sheets, supra.

"Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined". Healy v. Ratta, 292 U.S. 263–270, 54 S.Ct. 700, 703, 78 L.Ed. 1248.

I find as a matter of fact that the defendant, Piatt, is a citizen and resident of the State of South Carolina and, therefore, the case is not removable on the ground of diversity of citizenship.

I further find as a matter of law that there is no separable controversy which would entitle the Atlantic Coast Line Railroad Company to remove the case from the state court to this court. Accordingly, for the foregoing reasons, it is ordered that this cause be remanded to the Court of Common Pleas for the County of Clarendon, South Carolina, for appropriate proceedings therein.