## CITY OF BUFFALO v. SPANN REALTY CORPORATION et al.

United States District Court
W. D. New York.

Sept. 10, 1948.

Rehearing Denied Jan. 11, 1949.

See 81 F.Supp. 507.

Fred C. Maloney, Corp. Counsel, of Buffalo, N. Y., for plaintiff.

James P. Kohler and James P. Kohler, Jr., both of New York City, for defendant petitioner Plainfield Hotel Corp.

KNIGHT, District Judge.

Defendant Plainfield Hotel Corporation has petitioned for removal of said cause from County Court of Erie County, New York, to this District Court "on the grounds of diversity of citizenship, prejudice and local influence, a constitutional question, and a separable controversy."

The petition of F. Dudley Kohler, petitioner's treasurer, verified August 2, 1948, recites in substance that the amount in dispute exceeds $3,000; that petitioner was and is a citizen of New Jersey and a non-

resident of New York; that, on February 24, 1947, plaintiff commenced a civil action in Erie County Court against petitioner, who appeared specially to object to jurisdiction on ground it was not doing business in New York State but court ruled that service was binding and petitioner appealed from this ruling to the Appellate Division, City of Buffalo v. Plainfield Hotel, Corp., —— App.Div. ——, 76 N.Y.S.2d 360, which affirmed; that, on April 30, 1948, plaintiff without notice or trial entered judgment; that petitioner has not had its day in court; that the suit involves a separable controversy between citizens of different states; that the suit is in equity "to foreclose on alleged liens for taxes for which your petitioner has offered payment in full, regardless of claims against the other defendants"; that petitioner disputes the claim against it.

It is further alleged that a constitutional question is involved, viz. "whether the petitioner is being deprived of its real property without due process of law;" that petitioner denies that plaintiff is entitled to the relief claimed; that the time has not elapsed within which petitioner is required to answer or plead to complaint; that petitioner has not pleaded or answered and has a good and sufficient defense.

Petitioner then alleges that it desires removal because "on account of prejudice and local influence in favor of plaintiff and adverse to your petitioner, (it) will be unable to obtain justice in said County Court of the State of New York, or in any Court of said State * * *. That said prejudice or local influence arises (because) plaintiff is represented by persons of local political influence, and the persons comprising the said Court and its constituents are prejudiced against petitioner because it is a corporation of another state, and local people desire to buy in the property sought to be foreclosed at a very low price on a so-called tax sale."

Petitioner offers a $500 surety bond and prays that it be accepted and on an order of removal be issued.

Deponent, in a supplemental affidavit verified August 9, 1948, alleges that none of the defendants have answered and are all in default, except petitioner which appeared specially; that there is therefore no controversy between plaintiff and other defendants; that "there has not been any trial or hearing in the said action."

In an opposing affidavit of Edward H. Murphy, plaintiff's assistant corporation counsel, verified August 26, 1948, it is alleged that plaintiff on October 10, 1946, brought an action against defendants in County Court of Erie County to foreclose city taxes and tax sales against premises described in the complaint, pursuant to Article 32 of Buffalo City charter; that taxes had not been paid "from the years 1931 to 1945 both inclusive"; that the summons and complaint was duly served upon petitioner; that on March 31, 1947, a motion was made by petitioner's attorneys in said County Court for an order vacating service of summons and complaint on ground that service was illegal; that an order was made by the county judge denying said motion; that petitioner appealed from said order to the Appellate Division, which affirmed.

It is further alleged that petitioner never filed a general notice of appearance; that on February 10, 1948, "this action was referred by said County Court to Mr. Donald Case to hear, try and determine the issues * * * to compute the several amounts due to the plaintiff and to the defendants, County of Erie and Buffalo Sewer Authority on the liens alleged in the complaint * * * to take proof of the facts and circumstances * * * and to make his report"; that a hearing was duly held before said referee and he made his report, dated April 22, 1948 and filed April 30, 1948, on which said County Court granted judgment of foreclosure and sale, duly entered April 30, 1948; that said property was duly advertised for sale by the referee to sell and, on May 26, 1948, was offered for sale at public auction and sold to plaintiff for $15,000, the highest bid; that said sale was attended by petitioner's treasurer, F. Dudley Kohler, who bid $14,100.

It is further alleged that on day prior to sale, plaintiff's corporation counsel received an order, signed by Hon. Leslie F. Robinson, Erie County Judge, directing plaintiff

to show cause why an order should not be made opening the default and judgment and vacating and setting it aside and why petitioner should not be granted leave to answer and why all proceedings should not be stayed; that said motion was made by petitioner upon the affidavit of said F. Dudley Kohler, verified May 24, 1948, was argued before said Judge Robinson and resulted in an order vacating the order to show cause and denying petitioner's motion to open its default and for permission to answer the complaint.

It is then alleged that petitioner on June 22, 1948, appealed from said order to the Appellate Division and "that such appeal has not been heard and is now pending."

The petition in this case was filed August 16, 1948.

At that time section 29 of the Judicial Code, 28 U.S.C.A. § 72, was in effect, which provided in part as follows: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court * * *."

■ Said section 71 of U.S.C.A. Judicial Code, sec. 28, specifically mentions diversity of citizenship, constitutional question and separable controversy. Under said section 72 the petition for removal on any of these grounds must be made in the state court. "The method of removal so prescribed is exclusive, and a removal on such ground cannot be granted on a petition to the federal court to which the cause is sought to be removed." 54 Corpus Juris, p. 317.

These two sections have been superseded by the recent Title 28, United States Code, which became effective September 1, 1948. Apparently under the new Code, sec. 1446

(a), all petitions for removal may now be filed in the district court. The Reviser's Notes state, page 1857: "Subsection (a), providing for the filing of the removal petition in the district court, is substituted for the requirement of sections 72 and 74 of title 28, U.S.C., 1940 Ed., that the petition be filed in the State court. This conforms to the method prescribed by section 76 of title 28, U.S.C., 1940 Ed., and to the recommendation of United States District Judges Calvin W. Chesnut and T. Waties Warring approved by the Committee of the Judicial Conference on the Revision of the Judicial Code."

Both section 29 of the old Judicial Code, 28 U.S.C.A. § 72 and section 1446(b) of the new Code impose a time limit on the right to removal. The old Code, "except suits removable on the ground of prejudice or local influence," declared that the petition might be filed "in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." Under said section 72 it was held: "It is necessary in removal proceedings that the petition, provided for by the statute, be filed with the state court within the time fixed by statute, unless the time be in some manner waived." Marking v. New St. Louis & Calhoun Packet Co., D.C.W.D. Ky., 48 F.Supp. 680, 682. It was also held in Silverstein v. Pacific Mut. Life Ins. Co. of California, D.C.W.D.N.Y., 16 F.Supp. 315, 320: "The statutory time for removal having passed, the right to remove cannot be revived except by an express extension of time to answer or by an express agreement that the default in time was waived." It was further held in Weatherford v. Radcliffe, D.C.E.D.S.C., 63 F.Supp. 107, 111: "The Removal Statutes must be strictly construed and due regard for the rightful independence of the state governments requires that federal courts scrupulously confine their own jurisdiction to the precise limits of their statutory authority. See Barwick v. Piatt, D. C., 52 F.Supp. 262, and authorities therein cited."

Section 1446(b) of the new Code provides: "The petition for removal of a civil

action or proceeding may be filed within twenty days after commencement of the action or service of process, whichever is later."

The Reviser's Notes state, page 1857: "Subsection (b) makes uniform the time for filing petitions to remove all civil actions within twenty days after commencement of action or service of process whichever is later, instead of 'at any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead' as required by section 72 of title 28 U.S.C., 1940 Ed. As thus revised the section will give adequate time and operate uniformly throughout the Federal jurisdiction."

Section 263 of the N.Y. Civil Practice Act provides: "A defendant upon whom the plaintiff has served a copy of the complaint must serve a copy of his answer upon the plaintiff's attorney within twenty days thereafter."

■ Petitioner alleges that the action was commenced on or about February 24, 1947, that it appeared specially but never filed an answer. The opposing affidavit alleges that plaintiff brought the action on or about October 10, 1946, and that the summons and complaint was duly served upon petitioner; that on or about March 31, 1947, petitioner moved in the County Court for an order vacating service of the summons and complaint. There is no evidence that petitioner's time to answer or plead was ever extended.

Therefore, whether the time limit set by the new or by the old Code be applied in this case, the petition to remove on the grounds of diversity of citizenship, constitutional question and separable controversy must be denied.

Under the old Judicial Code a petition for removal on the ground of prejudice or local influence had to be made to the federal court. 54 Corpus Juris, p. 337. Said section 72 expressly excepts such petitions from the jurisdiction of the state courts.

Section 28 of the old Judicial Code, 28 U.S.C.A. § 71, provided in part: "And where a suit is brought in any State court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause."

The statute does not define the phrase "at any time before the trial" and there appears to be a dearth of federal cases on this matter.

In McCallon v. Waterman, C.C.E.D. Mich., Fed.Cas.No. 8,675, the court, interpreting the words "before or at the term at which said cause could be first tried and before the trial thereof", contained in section 3 of the Judiciary Act of 1875, 18 Stat. 470, said: "In a defaulted case there is no trial in the ordinary sense in which that word is used; but at the same time there is undoubtedly a limit to the time within which such a case may be removed to this court. * * * The default, which is an admission of the plaintiff's case, stands in the place of a trial in a litigated action, which is only a determination of the issues made by the pleadings of both parties. As vacating a default is a matter of discretion, it seems proper that the discretion of the court, which caused the default to be entered, should be invoked to set it aside." 15 Fed.Cas. pages 1248, 1249, No. 8,675.

The court held that the petition for removal was prematurely filed and remanded it to the state court for further proceedings. In that case it is said: "Plaintiff's attorney entered the appearance of defendant July 6, 1876, and on the 22d of same month took his default for not pleading to the declaration." Id., 15 Fed.Cas. page 1247, No. 8,675.

This case is cited in City of Detroit v. Detroit City R. Co., C.C.E.D.Mich., 54 F. 1, 8, where it is said: "If the order pro confesso had been taken on a personal and

actual service, the argument would be unanswerable, for it is clear that generally a hearing on a default is a trial, within the meaning of the removal act of 1875."

In Neale v. Foster, C.C.D.Or. 31 F. 53, petition for removal was made on ground of prejudice and local influence under section 2 of the Judiciary Act of 1887, 24 Stat. 552. Defendant answered and plaintiff replied. The application was denied. The court said: "The statute provides that it may be made 'at any time before the trial.' Ever since this case was referred to the master, with directions to take the testimony, and find the facts and conclusions of law arising thereon, it has been on trial." 31 F. at page 56.

In Harter v. Kernochan, 103 U.S. 562, 26 L.Ed. 411, a decree was rendered in a state court by default against a defendant who was not summoned nor served with a copy of the bill or any notice of the pendency of the suit. On his application the decree was set aside and he thereupon filed his petition for removal under the Judiciary Act of 1875. Held, that it was filed in due time.

In the "affidavit of prejudice" of F. Dudley Kohler, verified August 2, 1948, it is alleged: "That the time of the beginning of this action was February 24, 1947, when a summons and complaint were served on one Frank Illich who made an affidavit that he is not an officer nor director of the defendant (petitioner), nor its agent, that he is informed that the said corporation is not a domestic corporation and has no office in the State of New York, and is not doing business therein."

█ It does not appear, however, what interest, if any, petitioner had in the land involved in the suit.

"The 'prejudice or local influence' which the law meant to make the grounds of removal may relate to the person of the litigant or the subject-matter of the litigation; but in either case there must exist improper bias, partiality, unreasonable predilection, or hostility in the local community or courts, which will work injustice, or prevent the party seeking a removal from obtaining justice. If in any case a state court's decision can be made the ground of removal, it must be alleged and shown that such decision proceeded, not from error or mistake of law, but from that improper bias or unreasonable predilection which constitutes the 'prejudice' or 'local influence' contemplated by the law." Adelbert College of Western Reserve University v. Toledo W. & W. R. Co., C.C.N.D. Ohio, 47 F. 836, 844, appeal dismissed, Joy v. Adelbert college of Western Reserve University, 146 U.S. 355, 13 S.Ct. 186, 36 L.Ed. 1003.

█ The only evidence on this matter is found in the petition, which alleges: "That plaintiff is represented by persons of local political influence, and the persons comprising the said (Erie County) Court and its constituents are prejudiced against petitioner because it is a corporation of another state, and local people desire to buy in the property sought to be foreclosed at a very low price on a so-called tax sale."

It is not alleged that the Appellate Division is prejudiced or subject to local influence. Petitioner's appeal from the recent order of Erie County Judge Robinson, denying its motion to open its default and for permission to answer, is now pending in the Appellate Division. This is admitted in the Kohler affidavit of August 2, 1948.

In case of In re Pennsylvania Co., 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738, involving removal on ground of prejudice or local influence, it is said: "The only proof offered was contained in the affidavit of the general manager of the defendant corporation, to the effect that, from prejudice and local influence, the company would not be able to obtain justice in the court of common pleas for Litchfield county, or any other state court to which, etc. We do not say that, as a matter of law, this affidavit was not sufficient, but only that the court was not bound to regard it so, and might well have regarded it as not sufficient." 137 U.S. at page 457, 11 S.Ct. at page 143, 34 L.Ed. 738.

█ The court "must be legally satisfied, by proof suitable to the nature of the case, of the truth of the allegation that, by reason of those causes (prejudice or local influence), the defendant will not be able to obtain justice in the state courts." Fisk v.

Henarie, 142 U.S. 459, 468, 12 S.Ct. 207, 210, 35 L.Ed. 1080. To the same effect, see City of Bellaire v. Baltimore & O. R. Co., 146 U.S. 117, 118, 13 S.Ct. 16, 36 L.Ed. 910.

The petition for removal is therefore denied on all the grounds therein stated, with costs to plaintiff.