**CITY OF BUFFALO v. SPANN REALTY CORPORATION et al.**

United States District Court
W. D. New York.

Jan. 11, 1949.

For former opinion, see 80 F.Supp. 171.

James P. Kohler and James P. Kohler, Jr., both of New York City, for defendant-petitioner Plainfield Hotel Corporation.

Fred C. Maloney, Corp. Counsel, of Buffalo (Adon W. Crosby, of Buffalo, of counsel), for plaintiff.

KNIGHT, Chief Judge.

Defendant Plainfield Hotel Corporation's petition to remove this action from the County Court of Erie County, New York, to this court was denied. See opinion of this court dated September 10, 1948. 80 F.Supp. 171. It now moves for a rehearing of this denied petition.

Said defendant on this motion has submitted the affidavit of F. Dudley Kohler, verified October 13, 1948, in which he alleges: "The plaintiff made the Plainfield Hotel Corporation, a defendant, because it had a mortgage lien on the premises."

Plaintiff's counsel, Adon W. Crosby, has submitted an opposing affidavit, verified January 5, 1949. In this he alleges in substance that the records in the office of the Clerk of Erie County, New York, disclose that said defendant had title to the property described in the complaint in the Erie County Court action and in the judg-ment therein but that, by deed dated June 21, 1940, it conveyed the property to defendant Spann Realty Corporation, one Charles G. Miller joining in the deed; that, on or about August 7, 1940, said Spann Realty Corporation gave back to defendant petitioner and to said Miller a mortgage, dated August 7, 1940, to secure the sum of $11,300, and which was recorded on the same date; that said Miller died and his executor, Union & New Haven Trust Company, assigned all his right, title and interest in and to said mortgage to defendant petitioner, which thereby became sole owner of said mortgage and remained such until March 31, 1947, when it assigned said mortgage to Marion County Tennessee Cooperative Corporation by assignment dated March 31, 1947, and recorded in the office of the Clerk of Erie County, New York, on April 11, 1947.

Affiant has submitted a certified photostatic copy of the original assignment now on file in said clerk's office. It is dated March 31, 1947, and purports to be an indenture made between Plainfield Hotel Corporation, a New Jersey Corporation, party of the first part, and Marion County Tennessee Cooperative Corporation, party of the second part. It recites that "for a good and valuable consideration" the party of the first part "has sold, assigned, transferred and conveyed and does hereby sell, assign, transfer and convey to the Party of the Second Part, all the rights, titles and interests of the Party of the First Part in and to a certain Mortgage bearing date the 7th day of August, 1940, made by Spann Realty Corp. to Charles G. Miller and Plainfield Hotel Corporation To secure the payment of the sum of * * * ($11,-300) * * * and interest * * * and recorded in the Clerk's Office of Erie County, State of New York, * * * on the 7th day of August, 1940, * * * which said mortgage was duly assigned and recorded by the Union and New Haven Trust Company, Executor, under the Last Will and Testament of Charles G. Miller, deceased, to said Plainfield Hotel Corporation, the 11th day of August, 1943 * * *."

Said Crosby affidavit concludes—"and it further appears that it (petitioner defendant) did not have any interest in said prop-

erty, either as owner or mortgagee, at any time after the 31st day of March, 1947, and that this fact was known to said F. Dudley Kohler, the Treasurer of said Corporation."

The indenture of March 31, 1947, purports to be signed by F. Dudley Kohler, as Treasurer of Plainfield Hotel Corporation.

On the original motion, petitioner alleged that this action was commenced on or about February 24, 1947. Plaintiff then alleged that, on or about March 31, 1947, petitioner appeared specially in Erie County Court and moved for an order vacating service of the summons and complaint. The subsequent proceedings are set forth in the opinion of this court dated September 10, 1948.

Petitioner in its brief alleges: "In the case at bar the Constitutional question involved whether the Plainfield corporation is being deprived of its real property without due process of law." From the affidavit submitted by plaintiff, however, it appears that petitioner has had no legal title or interest in the property in question since March 31, 1947.

Petitioner in its brief has cited a number of cases dealing with "local influence." This matter has been fully considered in the court's opinion dated September 10, 1948.

Petitioner's motion for rehearing is therefore denied, with costs to plaintiff.