**CITY OF BUFFALO v. PLAINFIELD HO-TEL CORPORATION et al.**

No. 20, Docket 21337.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1949.

Decided Nov. 2, 1949.

Fred C. Maloney, Buffalo, N. Y., Adon W. Crosby, Buffalo, N. Y., argued for plaintiff.

James P. Kohler and James P. Kohler, Jr., New York City, Fred D. Kohler, New York City, argued for defendants.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

In October, 1946, the City of Buffalo brought suit in the County Court of Erie County, New York to foreclose tax liens upon real estate within that city upon which the appellant, a New Jersey corporation, had a mortgage lien or in which it may have had some interest. The appellant among others, was made a party defendant and service of summons was made upon it in February 1947. This service it sought to have vacated after entering its special appearance for that purpose in the state court suit. Its effort was unsuccessful and in December, 1947, on appeal to the Appellate Division of the New York Supreme Court the order denying its motion to vacate was affirmed. City of Buffalo v. Plainfield Hotel Corp., 273 App.Div. 802, 76 N.Y.S.2d 360. The appellant did not otherwise appear in the state court action.

On or about February 10, 1948, the state court referred the action to a referee for hearing and report on questions of fact and law. The referee filed his report, after hearing, on April 30, 1948. On the same day, the state court entered a judgment of foreclosure and sale, the judgment going against the appellant by default. A motion by the appellant to open the default was dismissed. After the denial of the motion to open the default the property was, on May 26, 1948, sold pursuant to the order of sale.

On August 16, 1948, the appellant filed its petition in the district court, for removal, alleging as grounds diversity, a constitutional question, a separable controversy, and prejudice and local influence in favor of the plaintiff and adverse to appellant, the petitioner. This appeal is from an order of September 14, 1948 denying that petition.

■ As the new Judicial Code did not take effect until September 1, 1948, that is, after the petition for removal was filed, the old Judicial Code seems applicable.[1] Section 29 of the old Code, 28 U.S.C.A. § 72, required the filing of the petition for removal in the state court "except [in] suits removable on the ground of prejudice or local influence" and, with the exception noted, that was the exclusive method of obtaining removal. The district court could remand a cause improperly removed by order of the state court but its power to order removal in the first instance was confined to the ground of "prejudice or local influence" and its power so to act flowed from Section 28 of the Old Judicial Code, 28 U.S.C.A. § 71. These two sections, 28 and 29, of the old Judicial Code were in pari materia and should be so construed. Ex parte Bopst, 4 Cir., 95 F.2d 828. For this reason the court lacked the power to grant the petition for removal on any of the grounds stated except that of prejudice and local influence.

■ However, it might not be amiss to point out that the appellant lost nothing by its failure to file its petition in the state court at the time it was filed in the district court. It was too late then to petition the state court for removal on the grounds permitted by Section 29, for its time to answer or plead to the complaint in the action had

---

1. It may be noted that under the new Judicial Code, local prejudice or influence is not a ground for removal. 28 U. S.C.A. § 1441; see Revisers' Notes to that section. Petitions for removal on the grounds that are available must be filed in the district court within twenty days after commencement of the action or service of process, whichever is later. 28 U.S.C.A. § 1446(b). Here, when appellant's petition for removal was filed, the twenty day period after service of process, which was the later, had long since expired. Thus, if the new Judicial Code were applicable, appellant's attempt to remove would have been too late.

then expired. The service upon it had been held good; its time to answer in compliance with Section 263 of the New York Civil Practice Act had expired; and there is nothing to show that it had been extended. We cannot assume that such a petition to the state court would have been granted. Even if it had been, however, the district court should, and doubtless would upon motion, have remanded the suit. Quilhot v. Hamer, C.C.N.D.N.Y., 158 F. 188. And its order would not have been reviewable. Moulding-Brownell Corp. v. Sullivan, 7 Cir., 92 F.2d 646, 114 A.L.R. 1471, certiorari denied 305 U.S. 638, 58 S.Ct. 526, 82 L.Ed. 1098; Ex parte Bopst, supra.

 The only remaining question is whether the petition treated as one based on prejudice and local influence should have been granted and the answer is found in the fact that it was filed too late. Section 28 of the old Judicial Code required such a petition not only to be filed in the district court but to be filed there "at any time before the trial thereof." Before this petition was filed, however, the suit had been tried in the state court by reference to a referee who had after hearing filed his report and judgment had been entered. The decision, provided valid service had been made upon the appellant, had become final and the judgment of foreclosure had been followed by the sale of the property. Appellant claims that the Appellate Division erroneously affirmed the order denying its motion to vacate the service. However, a decision relating to jurisdiction either of the person or of the subject matter is not subject to collateral attack where it was made in proceedings in which the jurisdictional questions were in issue and in which the parties were given full opportunity to litigate.[2] Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 523, 51 S.Ct. 517, 75 L.Ed. 1244; Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104. Parenthetically, such a decision is in addition entitled to full faith and credit

in the courts of another state, Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429, 1 A.L.R.2d 1355, and consequently in the courts of the United States. See Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565; Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 61 S.Ct. 513, 85 L.Ed. 725. Right or wrong, the decision of the New York courts on the subject of personal jurisdiction over appellant is res judicata and binding here. Under such circumstances it is clear the requirement that the petition for removal be filed before trial in the state court was not fulfilled and it was, accordingly, properly denied. Hanover Nat. Bank v. Smith, C.C.S.D.N.Y., 11 Fed.Cas. page 448, No. 6,035; McCallon v. Waterman, C.C.E.D. Mich., 15 Fed.Cas. page 1247, No. 8,675; Neale v. Foster, C.C.D.Or., 31 F. 53, 56; see City of Detroit v. Detroit City Ry. Co., C.C.E.D.Mich., 54 F. 1, 8.

Affirmed.

---

2. Appellant claims that appellee failed to give notice of the entry of the order of the Appellate Division, as, appellant contends, was required by Rule 188 of the New York Rules of Civil Practice. No contention or showing is made, however, that appellant lacked full opportunity to litigate jurisdictional issues.