### CITY OF BUFFALO v. PLAINFIELD HOTEL CORP. et al.

United States District Court
W. D. New York.
May 22, 1950.

See also 177 F.2d 425.

Fred C. Maloney, Corporation Counsel, of Buffalo, N. Y., for plaintiff.

James P. Kohler and James P. Kohler, Jr., of New York City, for petitioner Plainfield Hotel Corp.

KNIGHT, Chief Judge.

This action was commenced in County Court, Erie County, New York, when a summons and complaint were served upon F. Dudley Kohler, an officer of petitioner. He appeared specially and objected to the court's jurisdiction on the ground that petitioner was not doing business in New York State. The County Court held that service was binding. 77 N.Y.S.2d 901. This ruling, upon appeal, was affirmed by the Appellate Division of the Supreme Court, Fourth Department. 271 App.Div. 863, 66 N.Y.S. 2d 925.

The action was brought by the City of Buffalo to foreclose a tax lien upon premises at 1572 Main Street, Buffalo, N. Y.

The petition alleges that the controversy in said suit is between citizens of different states and involves more than $3,000, exclusive of interest and costs. It further alleges that, on November 14, 1946, before time to appeal to Court of Appeals had expired, a stipulation was made which read: "It Is Hereby Stipulated And Agreed by and between the attorneys for the parties hereto that the appeals in the above entitled action be withdrawn, and that the property described in the complaint be offered for sale at public auction for the purpose of satisfying the tax liens thereon, and that notice of the sale be given to the above named defendant-appellant to afford opportunity to bid in the said property, and that an order be made on this stipulation without further notice and a copy of said order be delivered to the attorneys for the parties hereto by mail."

Petition alleges that, on November 18, 1946, said order of affirmance by the Appellate Division was entered and, on December 17, 1946, plaintiff entered a judgment of foreclosure and violated said stipulation by giving no notice of entry of judgment or application for judgment and no copy of an order.

The sale was noticed for January 22, 1947. Petitioner alleges that, on January 18, 1947, its agent wrote to its Buffalo attorney (a copy of the letter is set forth), stating he had "a prospective tenant for this property and desire to buy it in at the lowest obtainable price." The attorney replied by telegram, stating: "Bids may exceed twenty thousand. Terms of sale are ten percent down, balance in thirty days. Send certified check of ten percent of amount you wish to bid payable to John R. Plunkett, referee. Check must be received before ten tomorrow morning. Failed to reach you by phone today."

Petition alleges that agent could not be reached by phone because he was ill in bed (copy of physician's certificate is annexed); that, on day of sale, he telephoned to said attorney to request adjournment or time to send certified check for highest bid of $26,-000; that referee refused to give any time, "which was contrary to the terms of said stipulation."

It is further alleged that, on January 28, 1947, said agent wrote to County Treasurer of Erie County (copy of letter is set forth), stating that Plainfield Hotel Corporation, title holder of property at 1572 Main St., Buffalo, N. Y. *"intends to redeem this property* under Section 152 of the Tax Law * * *. By agreement with the office of the Corporation Counsel, the Plainfield Hotel Corporation was to have ample opportunity to bid in the property at the sale, but on account of bad weather conditions, it was not possible to arrange for this, although an adjournment was asked by the attorney."

Deputy County Treasurer replied (copy of letter is set forth), stating that "The City of Buffalo does not operate under Section 152 of the Tax Law, McK.Consol. Laws, c. 60, but under its own City Charter; and the County of Erie operates under what is known as the Erie County Tax Law * * *. The writer has been informed that this property was sold January 22, 1947 by the Referee appointed by the Court, in accordance with the fore-closure action started by the City of Buffalo for the non-payment of taxes."   ,

On February 28, 1948, petitioner filed a verified answer to the complaint in this District Court and in August, 1948, presented to said Erie County Court a petition for removal and moved for an order of removal, which was denied by County Judge Robinson on August 31, 1948. Petitioner then appealed from this order to said Appellate Division, which on January 4, 1949, unanimously affirmed said order "with ten dollars costs and disbursements."

Petitioner has filed a bond in this court and asks for an order of removal on the following ground: "Your petitioner, therefore shows unto the Honorable Court that from prejudice and local influence in favor of the said plaintiff and adverse to this defendant-petitioner, it will be unable to obtain justice in said Court or in any other State Court to which said defendant-petitioner may, under the laws of the state, has (sic) a right to remove said cause, on account of such prejudice or local influence."

The petition is verified by "F. Dudley Kohler Treasurer" April 13, 1950. He also attaches a separate "affidavit of prejudice", verified April 3, 1950, repeating some of the matter contained in the petition, alleging that "the sale was unfair * * * was unconscionable", and concluding with this paragraph: "By reason of the foregoing, deponent submits that there is prejudice and local influence against this defendant corporation and that a fair trial is not obtainable in the said County Court of Erie County in the State of New York."

Plainfield Hotel Corporation in a similar case involving a tax foreclosure sale of another parcel of land in Buffalo, N. Y., moved to transfer the action from said Erie County Court to this court "on the ground of diversity of citizenship, prejudice and local influence, a constitutional question, and a separable controversy." The petition was denied. City of Buffalo v. Spann Realty Corporation, D.C., 80 F.Supp. 171, a rehearing was denied, 81 F.Supp. 507.

**32**

Both decisions were affirmed by the United States Court of Appeals—Second Circuit, under the title City of Buffalo v. Plainfield Hotel Corporation, 177 F.2d 425, and certiorari was denied by the U. S. Supreme Court, 339 U.S. 942, 70 S.Ct. 795.

In Note 1 to its opinion the Court of Appeals said: "It may be noted that under the new Judicial Code, local prejudice or influence is not a ground for removal. 28 U.S.C.A. § 1441; see Revisers' Notes to that section. Petitions for removal on the grounds that are available must be filed in the district court within twenty days after commencement of the action or service of process, whichever is later. 28 U.S.C.A. § 1446 (b). Here, when appellant's petition for removal was filed, the twenty day period after service of process, which was the later, had long since expired. Thus, if the new Judicial Code were applicable, appellant's attempt to remove would have been too late." 177 F.2d at Page 426.

In the instant case, the petition was made in April, 1950, long after September 1, 1948, the effective date of the new Judicial Code.

The petition for removal is therefore denied.