# *In re* PENNSYLVANIA COMPANY, Petitioner.

### ORIGINAL.

No. 7. Original. Argued December 8, 1890. — Decided December 22, 1890.

The power which this court had before the passage of the act of March 3, 1887, 24 Stat. 552, c. 373, (reënacted August 13, 1888, 25 Stat. 433, c. 866,) to afford a remedy by mandamus when a cause, removed from a state court is improperly remanded to the state court, was taken away by those acts.

Under the act of March 3, 1887, 24 Stat. 552, c. 373, and the act of August 13, 1888, 25 Stat. 433, c. 866, the matter in dispute in a case removed from a state court on the ground of prejudice or local influence must exceed the sum of two thousand dollars in order that the Circuit Court may take jurisdiction.

Since the passage of those statutes, when a cause is removed from a state court on the ground of prejudice or local influence, the Circuit Court must be legally satisfied, by proof suitable to the nature of the case, of the truth of the allegation that by reason of those causes the defendant will not be able to obtain justice in the state court; the amount and manner of such proof being left, in each case, to the discretion of the court.

THIS was a petition for mandamus to the judges of the Circuit Court of the United States for the District of Connecticut, to take jurisdiction of the suit of Alberto T. Roraback against the petitioner. The case is stated in the opinion.

*Mr. Daniel Davenport,* (with whom was *Mr. William H. O'Hara* on the brief,) for the petitioner.

*Mr. Lewis E. Stanton* opposing.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This is a petition of the Pennsylvania Company, a corporation and a citizen of Pennsylvania, for a mandamus to be directed to the judges of the Circuit Court of the United States for the District of Connecticut, commanding them to

reinstate, take jurisdiction of and try and adjudge a certain suit of one Alberto T. Roraback, a citizen of Connecticut, against the said Pennsylvania Company. The suit had been commenced on the 4th of June, 1889, by writ returnable the first Monday of July, 1889, in the court of common pleas for Litchfield County, in the State of Connecticut. The demand in said suit was for the sum of five hundred dollars. In the term of March, 1890, of said court of common pleas the company filed a petition for the removal of the suit to the United States Circuit Court for the District of Connecticut, on the ground of prejudice and local influence, filing therewith proper affidavit and bond, and the said court accepted said petition and bond, and granted the application and ordered the suit to be removed. On the opening of the Circuit Court of the United States in April, the company entered in said Circuit Court a copy of the record, and also filed a petition to the same court reciting the steps already taken, realleging the ground of removal, and praying the court to take jurisdiction of the suit; and filed an additional affidavit setting forth all the facts as to the existence of the alleged prejudice and local influence in the state court, and that the petitioner would not be able to obtain justice therein. But afterwards the plaintiff in the suit moved to remand the same to the state court, on the ground that the amount in dispute did not exceed the sum of two thousand dollars, exclusive of interest and costs. The Circuit Judge granted the application and made an order for remanding the cause, and the Circuit Court refuses to take jurisdiction of the same. 42 Fed. Rep. 420. Wherefore the present mandamus is prayed.

The first question to be decided is, whether this court has power to grant the writ applied for. The general power of the court to issue a writ of mandamus to an inferior court, to take jurisdiction of a cause when it refuses to do so, is settled by a long train of decisions. *Ex parte Bradstreet*, 7 Pet. 634 ; *Life and Fire Ins. Co.* v. *Wilson*, 8 Pet. 291 ; *United States* v. *Gomez*, 3 Wall. 752 ; *Ex parte Roberts*, 15 Wall. 384 ; *Ex parte United States*, 16 Wall. 699, 702 ; *Ins. Co.* v. *Comstock*, 16 Wall. 258, 271 ; *Railroad Co.* v. *Wiswall*, 23 Wall. 507 ; *Ex*

*parte Schollenberger*, 96 U. S. 369; *Harrington* v. *Holler*, 111 U. S. 796; *Ex parte Brown*, 116 U. S. 401; *Ex parte Parker*, 120 U. S. 737; *Ex parte Hollon Parker*, 131 U. S. 221.

It is true that after a case has proceeded to the filing of a declaration and a plea to the jurisdiction, or its equivalent, and a judgment is rendered in favor of the plea and a consequent dismissal of the action, this court has held that the plaintiff is confined to his remedy by writ of error, and cannot have a mandamus, which only lies, as a general rule, where there is no other adequate remedy. *Ex parte Balt. & Ohio Railroad,* 108 U. S. 566; *Ex parte Railway Co.*, 103 U. S. 794. But it was expressly held in *Railroad Co.* v. *Wiswall,* 23 Wall. 507, that a mandamus would lie to compel a Circuit Court to take jurisdiction of and proceed with a case which it had wrongfully remanded to the state court. The reason was that an order to remand was not a final judgment, and no writ of error would lie. This case is supported by the rule laid down by Chief Justice Marshall in *Ex parte Bradstreet,* 7 Pet. 634; and if the decision of the present case depended only on the general rule, the power of the court to issue the mandamus would be undoubted.

But in our opinion, the matter is governed by statute. This will be manifest by reference to previous legislation on the subject. The 5th section of the act of March 3, 1875, (determining the jurisdiction of the Circuit Courts,) provided that the order of the Circuit Court dismissing or remanding a cause to the state court should be reviewable by the Supreme Court on writ of error or appeal, as the case might be. 18 Stat. 470, 472, c. 137. This act remained in force until the passage of the act of March 3, 1887, by which it was superseded, and the writ of error or appeal upon orders to remand causes to the state courts, was abrogated. The provision of the act of 1887 is as follows: " Whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, *such remand shall be immediately carried into execution,* and no appeal or writ of

error from the decision of the Circuit Court so remanding such cause shall be allowed." 24 Stat. c. 373, 552, 553. This statute was reënacted August 13, 1888, for the purpose of correcting some mistakes in the enrollment, 25 Stat. c. 866, 433, 435; but the above clause remained without change. In terms, it only abolishes appeals and writs of error, it is true, and does not mention writs of mandamus; and it is unquestionably a general rule, that the abrogation of one remedy does not affect another. But in this case, we think it was the intention of Congress to make the judgment of the Circuit Court remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words " such remand shall be immediately carried into execution," in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error.

We also agree with the circuit judge that, by the act of 1887, the matter in dispute must exceed the sum or value of two thousand dollars in order to give the Circuit Court jurisdiction, as well in cases sought to be removed from a state court on account of prejudice or local influence, as in other cases. It is true that the clause allowing a removal for such cause does not name any amount as requisite. But we should bear in mind the history of the law, and read the whole of the two sections together. The act of March 2, 1867, which first gave the right of removal for cause of prejudice and local influence at any time before the final hearing of the case,

required that the matter in dispute should exceed the sum or value of five hundred dollars; which was the amount then required for the jurisdiction of the Circuit Court in all ordinary cases, whether by original process or by removal from a state court; that is, in all cases except those in which jurisdiction was given independently of the amount in controversy. 14 Stat. c. 196, 558. This statute was carried into section 639 of the Revised Statutes, article "Third." Now as the act of 1887 raises the jurisdictional limit prescribed for the Circuit Courts in ordinary cases to an amount exceeding the sum or value of two thousand dollars (instead of five hundred dollars), we naturally expect to find the same amount required for its jurisdiction in cases of removal for cause of prejudice or local influence. The first section requires that amount in ordinary actions for its original jurisdiction. The second section requires the same amount in ordinary cases removed from a state court. Its language is as follows:

"SEC. 2. [I.] That any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district. [II.] Any other suit of a civil nature, at law or in equity, of which the Circuit Courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the Circuit Court of the United States for the proper district by the defendant or defendants therein, being non residents of that State. [III.] And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the Circuit Court of the United States for the proper district. [IV.] And where a suit is now

pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the State in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the Circuit Court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause."

Here the first two clauses expressly require an amount exceeding two thousand dollars. The third clause, in referring to "any suit mentioned in this section," evidently means the two first clauses of the section, and, of course, is limited to cases in which the matter in dispute exceeds two thousand dollars. The fourth clause (the one in question) describes only a special case comprised in the preceding clauses. The initial words, "And where," are equivalent to the phrase, "And when in any such case." In effect, they are tantamount to the beginning words of the third clause, namely: "And when in any suit mentioned in this section."

On this point, the circuit judge refers to an opinion of Mr. Justice Harlan in the case of *Malone* v. *Richmond & Danville Railroad*, 35 Fed. Rep. 625, which seems to us to express the correct view of the law. It is true, other judges have taken a different view; but, on a careful consideration of the subject, we have come to the conclusion above expressed.

There is another question raised in this case, on which it is proper that we should express our opinion. It arises upon the following words of the act: " *When it shall be made to appear to said · Circuit Court* that from prejudice," etc. *How must it be made to appear* that from prejudice or local influence the defendant will not be able to obtain justice in the state court? The act of 1867 only required an affidavit of the party that he had reason to believe that from prejudice or local influence he would not be able to obtain justice in the state court. Rev.

Stat. § 639, Subdiv. Third. By the act of 1887 it must be made *to appear* to the court. On this point, also, various opinions have been expressed in the Circuit Courts. Our opinion is, that the Circuit Court must be legally (not merely morally) satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case; at least, an affidavit of a credible person; and a statement of facts in such affidavit, which sufficiently evince the truth of the allegation. The amount and manner of proof required in each case must be left to the discretion of the court itself. A perfunctory showing by a formal affidavit of mere belief will not be sufficient. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of a person or persons in whom the court has confidence, this may be regarded as *prima facie* proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered.

In view of these considerations, we are disposed to think that the proof of prejudice and local influence in this case was not such as the Circuit Court was bound to regard as satisfactory. The only proof offered was contained in the affidavit of the general manager of the defendant corporation, to the effect that, from prejudice and local influence, the company would not be able to obtain justice in the court of common pleas for Litchfield County, or any other state court to which, etc. We do not say that, as a matter of law, this affidavit was not sufficient, but only that the court was not bound to regard it so, and might well have regarded it as not sufficient.

*The petition for mandamus is denied.*