CARPENTER *v.* CHICAGO, M. & ST. P. RY. Co.

*(Circuit Court, N. D. Iowa.* September 31, 1891.)

REMOVAL OF CAUSES—PRACTICE.
    Where a petition, supported by affidavits, for the removal of a cause from a state to the federal court, on the ground of local prejudice or influence, has been legally granted, the filing of the transcript in the federal court in accordance with the order of removal merely takes the case there for trial, and does not give plaintiff a right to file affidavits, denying the existence of local prejudice, in support of a motion to remand, and to compel the court to re-examine the question: but, before such issue can be made, leave of the court must be first obtained. Ordinarily the first hearing and determination will be held final.

At Law.
*Riekel, Crocker & Christie,* for plaintiff.
*Mills & Keeler,* for defendant.

SHIRAS, J. From the record in this cause it appears that the action was brought in the district court of Linn county, Iowa, the plaintiff being a citizen of the state of Iowa, and the defendant a corporation created under the laws of the state of Wisconsin. A petition was filed in due season in this court by the defendant, supported by affidavits, praying for an order removing the case into this court, on the ground of the existence of local prejudice and influence. This court found the showing thus made to be sufficient, and granted an order for the removal of the cause. The transcript having been filed in this court, the plaintiff filed a motion to remand, supported by affidavits, denying the existence of local prejudice or influence, and now seeks to have the court reconsider its finding and ruling upon that question. There can be no doubt that, under the ruling made by the supreme court, in *Re Pennsylvania Co.,* 137 U. S. 451, 11 Sup. Ct. Rep. 141, this court was justified in granting the order for removal upon the showing submitted to it. The showing then made was sufficient to legally satisfy the court of the truth of the allegations contained in the petition for removal. The order of removal was, therefore, properly made, and the cause was rightfully removed. The filing of the transcript in accordance with the order of removal brought the case here for trial, not for a re-examination of the grounds upon which the order of removal was based. It is not open, under such circumstances, as a mere matter of right, to the plaintiff to file affidavits denying the existence of local prejudice, and thus to compel the court to re-examine that question. Of course if, upon the face of the record, it appeared that jurisdiction did not exist, a motion to remand would be entirely proper; but, if the purpose is to have the court retry the question of fact already determined in granting the order of removal, then, before such issue can be made, leave of court must be first obtained for such purpose. It is possible that in extreme cases, and where it may be true that the court has been imposed upon in some matter connected with the hearing and granting of the order of removal, a re-examination of the question of fact may be allowed; but ordinarily the

one hearing and determination, although *ex parte*, will be held final. When a party makes a sufficient showing under the statute, and obtains an order of removal, no good purpose can be subserved by permitting a war of affidavits to be entered upon, touching the existence or non-existence of local prejudice or influence. The motion to remand is overruled.