HARRIET MIDDLETON *et al.*, Appellants, v. L. A. MIDDLETON *et al.*, Appellees.

Removal of Causes to Federal Court: AMOUNT IN CONTROVERSY: HOW DETERMINED. When an application is made to a court of this state for the removal of a cause therein to the circuit court of the United States, on the ground that the plaintiffs and the defendants are residents of different states, and that the amount in controversy is sufficient to authorize a removal, under the laws of congress, the court, in passing upon the application, is not limited to the averments thereof as to the amount in controversy, but may consider the pleadings in the case, and when it is apparent therefrom that the amount in controversy is insufficient, the application should be denied.

*Appeal from Wapello District Court.*—HON. H. C. TRAVERSE, Judge.

WEDNESDAY, JANUARY 25, 1893.

SAMUEL SIMMONS died about March, 1888, in Wapello county, without issue. The plaintiffs in this suit were his brother and sister, and the defendant L.

A. Middleton was his stepson. The petition represents that the defendant and the widow of Samuel Simmons, also now deceased, "procured to be probated what purported to be a verbal or nuncupative will of said Samuel Simmons, and caused the following entry of judgment to be made thereon." Then follows the finding as to due service, that the testator was of sound mind, and, "that said will was and is that said L. A. Middleton should have all his notes after the death of the wife of decedent, Mary Simmons." The court then finds that the will was duly executed, and "that it is a valid will for the amount of three hundred dollars," and makes the usual order of approval and probate. The petition in this case contains averments that the will was obtained by fraud and undue influence, by taking advantage of the age and infirmities of the testator, and that the testator was not of sound and disposing mind, and asks that the "pretended will be set aside, and held for naught." To the petition there is an answer containing denials of the principal averments, and pleading defensive matter.

The petition was filed April 19, 1890. In August, 1890, the plaintiffs filed a petition for the removal of the cause to the federal court on the grounds that they are, respectively, residents of "the states of Dakota and Kansas," and the defendants are residents of Iowa. The district court refused the petition for removal, and gave judgment for the defendants on the issues presented. The plaintiffs appealed.—*Affirmed.*

*S. E. Adler* and *W. H. C. Jaques*, for appellants.

*McNett & Tisdale*, for appellees.

GRANGER, J.—But a single question is argued, and it is conceded to be the only one for consideration in this court, and that is, did the district court err in

refusing to transfer the cause to the federal court? A point made by the appellee is that the petition does not show upon its face that the amount in controversy is sufficient to justify a removal. The plaintiffs claim the removal under the provisions of the act of congress of March 2, 1867, known as the "Prejudice or Local Influence Act;" and it is said that by the filing of a petition "in due form," with a bond, etc., the district court loses its jurisdiction. It is true, in this case, that a petition was filed, and a bond approved by the clerk of the court. The petition, to be in due form for the purpose of a renewal, must contain averments, where the petitioner is the plaintiff, in harmony with the original petition, that bring the case within the provisions of the law for removals. The law under which the removal is sought permits removals where the amount in controversy exceeds five hundred dollars. The jurisdictional limit is increased to two thousand dollars by the act of March 3, 1887. See *In re Pennsylvania Co.*, 137 U. S. 451, 11 Sup. Ct. Rep. 141. The petition for removal contains an averment "that the controversy as to the validity of said alleged will exceeds the sum of ($3,000) three thousand dollars, being real and personal property, exclusive of costs." The petition filed by the plaintiffs, setting forth their cause of action, shows affirmatively that the statement in the petition for removal is not true. The will is in existence only as disposing of property of the value of three hundred dollars. Under the statute, only that amount can be bequeathed by a verbal will, and then only as personal property. Code, section 2324. The order for probate specifies that the will is only valid for that amount. The original petition assails that will, and that only. There is no other will to assail, nor does the judgment or order appealed from affect property or rights of a greater value.

It becomes a question, then, if, upon such a peti-

tion for removal, the district court must shut its eyes to the conclusive showing, from the petitioner's own statements of record in the case, and grant the petition. It is not a case of doubt or question as to amount. The petitioner's own statements in the records are such as to exclude doubt or question. In Dillon on Removal of Causes, page 63, it is said: "The value of the matter in dispute, for the purposes of removal, is to be determined by reference to the amount claimed in the declaration, petition, or bill of complaint,"—and many cases are cited to support the rule. It seems to be the appellant's theory that the averments in the petition for removal are alone to be considered as showing the amount in controversy.

We think the order of the district court in refusing the petition for removal was right, and its judgment is AFFIRMED.