## ARMOUR & CO. v. KLOEB, District Judge.
### No. 8355.

Circuit Court of Appeals, Sixth Circuit.
Dec. 5, 1939.

Welles, Kelsey, Cobourn & Harrington, of Toledo, Ohio, for petitioner.

No appearance for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitioner applied for a writ of mandamus to compel the respondent to set aside his order remanding the cause to the State Court and directing him to take jurisdiction of it. We issued an order to show cause to which appropriate reply has been made supported by brief.

The first contention that confronts us is that we have no power to issue the writ because, by rule 81(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, writs of scire facias and mandamus were abolished. The short answer to this is that the Act of Congress, Title 28 U.S.C.A. § 723b, empowering the Supreme Court to promul-

gate rules of civil procedure, provides that it "shall have the power to prescribe, by general rules, for the district courts of the United States and for the courts of the District of Columbia, the forms of process, writs, pleadings, and motions, and the practice and procedure in civil actions at law." While Section 81(b) is general in its terms, it cannot be construed to apply to Circuit Courts of Appeals, since so construed it would be in the exercise of a power not conferred upon the Supreme Court, nor can the rules so circumscribed by the enabling act be construed as to repeal Title 28 U.S.C.A. § 377, which confers upon Circuit Courts of Appeals the power "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

But even were we to construe Section 81(b) as forbidding the issue of writs of mandamus by this court, the contention would be of little moment since the rule also provides that "relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules." There would seem to be little difficulty, if required, in interpreting the petitioner's application as an appropriate motion upon which to base relief, if to such relief the petitioner is entitled, notwithstanding the designation it has given to it, and notwithstanding that, under the asserted interpretation, we might be foreclosed to issue the more formal and conventional writ of mandamus.

This brings us to a consideration of the meritorious issue raised by the petition and the response.

A number of persons, including George E. Kniess, brought suit against Armour and Company in the Court of Common Pleas of Lucas County for damages claimed to have been suffered in the consumption of food products, materials for which were prepared by Armour and Company, but which were processed by a retailer in Toledo by the name of Burmeister. In each of the five cases, and upon identical petitions, the plaintiffs joined Burmeister as a defendant on the theory that he and the Armour Company were joint tort-feasors. Armour and Company filed its petitions for removal with the Court of Common Pleas accompanied by proper removal bonds. Its petitions were contested by the plaintiffs and were denied. The Kniess case proceeded to trial while the other cases were held in abeyance and it eventually reached the Supreme Court of Ohio, Kniess v. Armour & Co., 134 Ohio St. 432, 17 N.E.2d 734, 119 A.L.R. 1348. That court disposed of the case upon the sole ground that the removal petition should have been allowed, because a separable controversy existed as between plaintiff and Armour. It stated the law of Ohio to be that where the responsibility of two tort-feasors differs in degree and in nature, liability cannot be joint and the alleged torts are not concurrent. Holding that the defendant Armour and Company had adequately preserved its exceptions to the ruling of the lower court, the cause was reversed and remanded to the Court of Common Pleas with instructions to grant the removal petition, and the mandate directed the Court of Common Pleas to remove the cause to the District Court of the United States.

When the case came before the respondent the plaintiff moved to remand and, notwithstanding the adjudication by the Ohio Supreme Court which had become final, the respondent proceeded to take evidence upon the question of a separable controversy, decided there was none, that the cause was not removable under the statute, entered an order to remand the case to the Court of Common Pleas of Lucas County, and denied petitions for rehearing.

It is conceded that as the law now stands no appeal can be taken from an order of remand. The applicable statute is that of March 3, 1887, particularly sections 71 and 80, Title 28, U.S.Code, 28 U.S.C.A. §§ 71, 80. While this statute does not in terms prohibit the use of a writ of mandamus to review an erroneous order of remand, the Supreme Court, in Employers Reinsurance Corporation v. Bryant, District Judge, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289, approving the reasoning in Re Pennsylvania Company, 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738, holds that the two sections must be read in pari materia and, so read, the statute is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process, and the Act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error.

Our precise question is then whether this statute, as so interpreted, reaches a

case where the District Judge undertook an inquiry into the separable nature of the controversy notwithstanding this issue had been finally adjudicated at the instance of the party seeking the remand by the court of last resort in Ohio and this requires consideration of the precise terms of the removal statute, 28 U.S.C.A. §§ 71 and 80.

Section 71 provides: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

Section 80 which the Supreme Court held must be read in pari materia with Section 71, provides in part: "If in any suit * * removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been * * removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall * * * remand it to the court from which it was removed."

■ It would seem that in the use in Section 71 of the words "the district court shall decide," and in the employment in Section 80 of the phrase "it shall appear to the satisfaction of the said district court," it was within the contemplation of the Congress that the statute shoud apply to those cases in which there was some issue which, as a matter of primary decision, was submitted to the District Judge. It certainly could not have been intended to apply to decision of a question which was not properly at issue before the District Judge since it had already been adjudicated by the Supreme Court of Ohio in the same proceeding, between the same parties, and upon the plaintiff's petition. To hold otherwise would be to permit the District Court to defy the statute 28 U.S.C.A. § 687, which provides: "The records and judicial proceedings of the courts of any State * * * shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

■ It has been said in reference to the general supervisory power of the Supreme Court over inferior jurisdictions, that it is "of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case." In re Pennsylvania Company, supra [137 U.S. 451, 11 S.Ct. 142, 34 L.Ed. 738]. What was there said of the supervisory power of the Supreme Court over this and the District Courts, must apply equally to the supervisory power of this court over jurisdictions inferior to it. The decisions in Employers Reinsurance Corporation v. Bryant, District Judge, supra, and in Re Pennsylvania Company, supra, must not, in our judgment, be extended beyond the situations requiring the application of the rule there announced, that is to say, to cases where the issue of the petition to remand called for original and primary decision by the District Court unfettered by the doctrine of res judicata or the mandate of the "full faith and credit" statute.

■ That the decision of the Ohio Court was res judicata notwithstanding the issue was one involving the jurisdiction of a federal Court, is settled by American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244, and the decision in Evelyn Treinies, Petitioner, v. Sunshine Mining Co., et al., 60 S.Ct. 44, 84 L.Ed. ——, announced as recently as November 6, 1939.

■ While the precise question here involved is one of first impression, the Supreme Court in Re Metropolitan Trust Company, 218 U.S. 312, 31 S.Ct. 18, 54 L.Ed. 1051, has drawn the distinction between orders to remand erroneously issued and those issued by a District Judge in excess of his authority. The former may not be challenged by appeal or writ of mandamus—the latter are a nullity. We think it follows that under general supervisory powers they may be set aside.

■ Another consideration points to decision. It is somewhat difficult to understand why the plaintiff in the action should seek to remand the case to a State Court already foreclosed from its consideration by the mandate of the Su-

preme Court of Ohio to which it must bow. Perhaps there is expectation that the pleadings may be amended and so a new issue permitted to be framed that would permit a second appeal, notwithstanding the rule that removability of a case is to be determined by the original pleadings, and notwithstanding the rule of the law of the case. However that may be, the objective of the statute prohibiting review of orders of remand is "to suppress further prolongation of the controversy by whatever process," and the sensing of this objective led to the interpretation announced in Re Pennsylvania Company, supra. While the federal Courts have been ever solicitous of the limitations upon their own jurisdiction, and ever mindful of the desirability of avoiding unseemly conflicts between the courts of the two sovereignties, they should now accept with grace jurisdiction relinquished by the Ohio Court and end the shuttling of the controversy between the two jurisdictions.

The petitioner is entitled to the writ as prayed. We assume in view of the conclusions expressed herein that its issue will not be required, if the District Judge is not now foreclosed by the Rules of Civil Procedure to vacate the order of remand.