In re BURNS & WILCOX, LTD., as general agent for Agency Marketing and/or Individually, Petitioner.

No. 94–3499.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1995.

Decided May 4, 1995.

John P. Buckley, Minneapolis, MN, argued, for petitioner.

Clarence E. Hagglund, Minneapolis, MN, argued, for respondent.

Before BOWMAN, BEAM, and HANSEN, Circuit Judges.

BEAM, Circuit Judge.

Burns & Wilcox, Ltd. seeks a writ of mandamus directing the district court to exercise jurisdiction over a state court action which Burns & Wilcox removed to federal court. We find that the district court's decision to remand the action to state court on abstention grounds was incorrect. Accordingly, we grant the writ.

## I. BACKGROUND

In 1984, Gary Banick, an insurance agent, agreed to sell an insurance policy to Marlene Fearing covering Fearing's restaurant. When Banick was unable to place the policy with a licensed Minnesota insurer, he contacted a policy broker to obtain coverage through an out-of-state insurer.[1] The broker

1. Under the Minnesota Surplus Lines Insurance Act, Minn.Stat. §§ 60A.195 to 60A.209 (MSLIA), if no coverage is available from a Minnesota licensed insurer, a broker or agent who qualifies

contacted Burns & Wilcox, a general agent for Union Indemnity Insurance Company, and the policy was placed with Union. Fearing's restaurant was destroyed by fire a few days later.

Fearing has been unable to recover her insured losses directly from Union Indemnity.[2] As a result, she sued Banick in Minnesota state court. Fearing claimed that Banick was liable for her insured losses because he did not comply with Minnesota insurance law.[3] Banick then filed a third-party complaint against Burns & Wilcox seeking indemnity or contribution in the event he was found liable. On the eve of trial, Fearing and Banick settled. In exchange for $300,000, Fearing dismissed her claim against Banick and took an assignment of Banick's third-party claims against Burns & Wilcox.

As Banick's assignee, Fearing pursued the third-party claims for indemnity or contribution. However, the dismissal of Banick created complete diversity among the remaining parties. Burns & Wilcox therefore removed the action to federal court. Fearing's subsequent motion to remand was denied.[4] At a later hearing on Burns & Wilcox's summary judgment motion, however, the district court announced that it would remand the action to state court. Citing the factors set forth by the Supreme Court in *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the court determined that it should abstain from exercising jurisdiction. In particular, the court noted that the state court was "intimately familiar" with the facts of the case and had issued many rulings. On this basis, the district court remanded the case to the Morrison County District Court in Minnesota and denied Burns & Wilcox's summary judgment motion as moot. Burns & Wilcox filed a petition for writ of mandamus seeking relief from the district court's order.[5]

## II. DISCUSSION

It is clearly within our power to grant the writ of mandamus. "Absent statutory prohibitions, when a remand order is challenged by a petition for the mandamus in an appellate court, 'the power of the court to issue the mandamus would be undoubted.'" *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 353, 96 S.Ct. 584, 594, 46 L.Ed.2d 542 (1976) (quoting *In re Pennsylvania Co.*, 137 U.S. 451, 453, 11 S.Ct. 141, 141–42, 34 L.Ed. 738 (1890)). In this case, there are no statutory obstacles to issuance of a

---

as a "surplus lines licensee" may place insurance with an insurer not otherwise licensed to transact insurance business in Minnesota.

2. Union Indemnity denied coverage on the policy based on an investigator's report that the fire had been intentionally set. While this coverage dispute was pending, Union Indemnity was placed in receivership.

3. The MSLIA requires that "[e]ach policy, cover note, or instrument" issued under the Act include a red-ink statement notifying the insured that, in the event the out-of-state insurer becomes insolvent, payment of claims is not guaranteed by the Minnesota State Guarantee Fund. Minn. Stat. § 60A.207. The policy binder delivered to Fearing did not contain this statement. Fearing argues that this violation of the MSLIA rendered Banick personally liable for her fire losses under Minn.Stat. § 60A.17, subd. 12 (amended in 1992 and redesignated as § 60K.16). Section 60A.17, subd. 12 imposes liability on any person who "participates" in the sale of insurance on behalf of a company "not authorized to engage in the business of insurance" in Minnesota.

4. Fearing opposed removal on several grounds, but did not raise one potentially successful ground. Under 28 U.S.C. § 1446(b), a case may not be removed on the basis of diversity more than one year after the commencement of the action. In this case, the state court action was commenced more than two years prior to removal. As the district court properly held, Fearing waived her objection to this defect in removal procedure by failing to raise it in time. *See* 28 U.S.C. § 1447(c); *Financial Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir.1990). Had Fearing properly raised this objection, the district court would not have been placed in the difficult situation of assuming jurisdiction in a case that has proceeded so far in state court.

5. Burns & Wilcox also filed a notice of appeal. *Fearing v. Burns & Wilcox, Ltd.*, No. 94–3504. On December 15, 1994, we ordered the appeal held in abeyance pending our resolution of the petition for writ of mandamus.

writ.[6] We have previously held that remand orders based on abstention are subject to mandamus review. *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1501 (8th Cir.1992).

Though our power to grant the writ is clear, mandamus is a "drastic" remedy to be invoked only in "extraordinary situations." *In re Life Ins. Co. of North America*, 857 F.2d 1190, 1192 (8th Cir.1988). Accordingly, we will issue the writ only when the party seeking mandamus has no other adequate means to obtain relief and the district court's order is a clear abuse of discretion or usurpation of judicial power. *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304 (8th Cir.1994) (per curiam).

In the present case, Burns & Wilcox has no other means to obtain relief. The Supreme Court has identified mandamus as the only proper method to challenge a remand order. In *Thermtron*, the Court stated, "[B]ecause an order remanding a removed action does not represent a final judgment reviewable by appeal, '[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done.'" 423 U.S. at 352–53, 96 S.Ct. at 594 (quoting *Chicago & Alton Railroad Co. v. Wiswall*, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1874)). In light of *Thermtron*, we have held that parties seeking mandamus review of remand orders may be deemed to have no other adequate remedy. *Melahn*, 965 F.2d at 1501; *In re Life Ins. Co.*, 857 F.2d at 1193.[7]

Thus, Burns & Wilcox is entitled to issuance of the writ if the district court's remand order was a clear abuse of discretion. In examining the remand order, we are mindful that abstention is an extraordinary and narrow exception to the "virtually unflagging obligation" of federal courts to exercise the jurisdiction given them. *See Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. We must determine whether the district court properly exercised its discretion within the narrow confines of the particular abstention doctrine at issue.

In this case, the district court abstained on the basis of the factors set forth by the Supreme Court in *Colorado River*, 424 U.S. at 817–19, 96 S.Ct. at 1246–47, and *Moses H. Cone*, 460 U.S. at 23–27, 103 S.Ct. at 941–43. In *Colorado River*, the Supreme Court held that, in certain exceptional circumstances, dismissal of a federal action based on the presence of a concurrent state proceeding is appropriate for reasons of "wise judicial administration." 424 U.S. at 817–18, 96 S.Ct. at 1246–47. *Colorado River* set forth four factors to weigh in determining whether such exceptional circumstances exist. *Id.* *Moses H. Cone* added two more factors. 460 U.S. at 23–27, 103 S.Ct. at 941–43.

We need not consider whether the district court properly weighed these factors because the *Colorado River* doctrine does not apply in this case. A parallel state court proceeding is a necessary prerequisite to use of the *Colorado River* factors. *See Baskin v. Bath Township Bd. of Zoning Appeals*, 15 F.3d 569, 571–72 (6th Cir.1994). No such proceed-

---

6. Though 28 U.S.C. § 1447(d) generally prohibits review of remand orders "on appeal or otherwise," the Supreme Court has limited the application of this subsection to remand orders issued pursuant to 28 U.S.C. § 1447(c). *Thermtron*, 423 U.S. at 346, 96 S.Ct. at 590–91.

7. It could be argued that direct appeal is an adequate alternative remedy. Since the district court's remand order leaves Burns & Wilcox effectively out of federal court, it is arguably a final appealable order. *See Moses H. Cone*, 460 U.S. at 9–10, 103 S.Ct. at 933–34. In addition, the decision to abstain may be appealable under the collateral-order doctrine. *See id.* at 11–13, 103 S.Ct. at 934–36. We recently exercised appellate jurisdiction on these two grounds to review a district court's decision to stay a federal action based on the abstention doctrine. *Wolf-*

son v. Mutual Benefit Life Ins. Co.*, 51 F.3d 141, 144 (8th Cir.1995). Direct appeal is foreclosed, however, by the Supreme Court's express direction in *Thermtron* that review of remand orders is to be by mandamus. 423 U.S. at 352–53, 96 S.Ct. at 593–94. The Supreme Court treats review of remand orders differently from review of. stays. *See PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352–53 (3d Cir.1993) (discussing *Thermtron* and the collateral-order doctrine); *Doughty v. Underwriters at Lloyd's, London*, 6 F.3d 856, 861–62 (1st Cir.1993) (offering possible reasons for distinguishing between remand orders and stays); *Corcoran v. Ardra Ins. Co.*, 842 F.2d 31, 34–35 (2d Cir.1988) (questioning the need for distinguishing between remand orders and stays, but following *Thermtron* ).

ing exists here since the entire state court action was removed to federal court. There is no ongoing state action in favor of which to abstain. Thus, the *Colorado River* doctrine does not support the district court's remand order.

 Nor can we sustain the district court's decision under the three traditional abstention doctrines.[8] Like the *Colorado River* doctrine, *Younger* abstention is inapplicable in the absence of an ongoing state proceeding. *See Ankenbrandt v. Richards,* 504 U.S. 689, 705–06, 112 S.Ct. 2206, 2216, 119 L.Ed.2d 468 (1992). *Pullman* abstention does not apply because no federal constitutional issues have been raised. *See Colorado River,* 424 U.S. at 814, 96 S.Ct. at 1244–45. *Burford* abstention is not warranted under the circumstances in this case. " '*Burford* abstention applies when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws.' " *Melahn,* 965 F.2d at 1506 (quoting *Bilden v. United Equitable Ins. Co.,* 921 F.2d 822, 825–26 (8th Cir.1990)). Admittedly, to resolve this case, the district court must interpret the Minnesota Surplus Lines Insurance Act and Minnesota contribution law. These inquiries, however, do not demand specialized knowledge or involve a complex regulatory scheme. In the exercise of diversity jurisdiction, federal courts are routinely called upon to interpret state law. Here, *Burford* abstention does not excuse the district court from doing so.

## III. CONCLUSION

In sum, we find that the district court strayed beyond the narrow confines of prop-

er abstention and therefore abused its discretion by remanding the action to state court. Though it may have been more expedient for the state court to preside over the action, Burns & Wilcox is entitled to a federal forum. Accordingly, we grant the writ. The district court is hereby ordered to vacate its remand order of September 12, 1994, and exercise jurisdiction over the case.[9]

---

8. The Supreme Court has described three general categories of cases where abstention is appropriate. *Colorado River,* 424 U.S. at 814–16, 96 S.Ct. at 1244–46. These categories are commonly referred to as *Pullman* abstention, *Burford* abstention, and *Younger* abstention. *See generally,* 17A Charles A. Wright, et al., *Federal Practice and Procedure* § 4241, at 26–27 (2d ed. 1988). The exceptional circumstances test set forth in *Colorado River* is distinct from these three categories and represents a narrower basis upon which a federal court may refuse to exercise its jurisdiction. *See Moses H. Cone,* 460 U.S. at 14–15, 103 S.Ct. at 936–37.

9. In its petition for a writ of mandamus, Burns & Wilcox also seeks review of the denial of its motion for summary judgment. The district court denied the motion on mootness grounds after ordering the case remanded to state court. We do not address this portion of the district court's order. Denial of a summary judgment motion may not be challenged by mandamus and is not a final order which may be directly appealed. If it so chooses, Burns & Wilcox may renew its motion for summary judgment in district court.