Darrell ALLEYNE, for himself and as natural Parent of Keyshawna Alleyne an infant, Kibin Alleyne an infant, and Edward Alleyne, an infant, Plaintiffs,

v.

CITY OF NEW YORK, Administration of Children Services, the New York City Department of Social Services, Jewish Child Care Association of New York, Diana Stephen, in her name and as the foster parent of Keyshawna Alleyne, Velma Alleyne only as the guardian of Kibin Alleyne & Edward Alleyne, Shawanna Hatchett for herself and as natural parent of Keyshawna Alleyne, Kibin Alleyne and Edward Alleyne all infants, Defendants.

No. 02 CIV. 5602(VM).

United States District Court, S.D. New York.

Sept. 30, 2002.

**392**

Wuyi Ogunyinka, Anthony & Bernard, P.C., Bronx, NY, for Plaintiff.

### DECISION AND ORDER

MARRERO, District Judge.

■ Plaintiff Derrell Alleyne ("Alleyne") filed this action on his own behalf and on behalf of his natural children, Keyshawna Alleyne, Kibin Alleyne and Edward Alleyne (collectively, "Children") on July 19, 2002 and amended the complaint on August 15, 2002 (the "Complaint"). Defendants City of New York and the Jewish Child Care Association of New York (collectively, "Defendants") filed motions to dismiss the Complaint for lack of subject matter jurisdiction. At the conference on September 20, 2002 (the "September Conference"), the Court granted Alleyne an opportunity to address jurisdictional issues through oral argument and further briefing. After the conference, Alleyne sought to voluntarily dismiss the action without prejudice or costs. Defendants would not agree to the dismissal. Thus, the Court issues the following order of dismissal "upon such terms and conditions as it deems proper." Fed.R.Civ.P. 41(b).

The Complaint concerns matters currently pending before the New York State Family Court, Bronx County (the "State Proceeding"). Earlier this year, Alleyne sought to remove the State Proceeding to this Court. The Court remanded the State Proceeding as untimely, noting also that it lacked subject matter jurisdiction. *See Alleyne v. City of New York,* No. 02 Civ. 5614, slip op. (S.D.N.Y. August 14, 2002).

The State Proceeding was commenced in response to a report that the Children had been abused. During the State Proceeding, the Children were placed in foster care. In April of 1999 the Family Court found that Alleyne and defendant Shawana Hatchett abused the Children directly and derivatively. *See In the Matter of Alleyene Children,* No. NA–11131–33/98, Slip. op. at 1 (N.Y.Fam.Ct. July 5, 2001). Proceedings to terminate Alleyne's parental rights were commenced. In September of 2001, Alleyne surrendered his Children for adoption. The next conference in the State Proceeding is scheduled to occur in October, and no appeals have been taken. *See Bronx Administration for Children's Services v. Hatchett,* No. N–11131/98, slip. op. at 1 (N.Y.Fam.Ct. July 3, 2002).

In the instant case, Alleyne seeks injunctive relief that effectively would end the State Proceeding and return full custody of the Children to him. Alleyne also seeks $5,000,000 in compensatory damages, as well as costs and attorney's fees. Alleyne believes that the State Proceedings violate various rights protected by the United States Constitution. In particular, he argues that because in the State Proceedings custody decisions are made on the basis of the "best interests of the

child", they violate Alleyne's right to family integrity. According to Alleyne, Defendants design to alienate the Alleyne Children from Alleyne through unidentified, "diverse subtle, overt, and covert devices ...." (Compl., at ¶ 14.) As such, Alleyne makes a conclusory claim that the State Proceeding is being conducted in bad faith. Further, they violate due process because at unidentified times he was not afforded an opportunity to cross-examine witnesses, and various named defendants exceeded their authority in unspecified ways. (*See* Compl., at ¶¶ 17, 19.) Finally, Alleyne asserts that the Family Court "terrorize[d] and harass[ed]" him so much that he "was compelled and pressurized ... to surrender two of his children for adoption." (Compl., at ¶ 18.)

As a matter of law, Alleyne took the position that the court in the State Proceeding is incapable of adjudicating his federal claims and that if a matter pending in state court implicates the federal constitution, a federal court has jurisdiction to adjudicate the federal constitutional issue immediately.

Because federal courts are courts of limited jurisdiction, courts must police subject matter delineations on their own initiative. *See* Fed.R.Civ.P. 12(h); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing Fed.R.Civ.P. 12(h)); *Lyndonville Savings Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir.2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.") *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F.Supp.2d 279, 280–81 (S.D.N.Y.1999) (*sua sponte* dismissal for lack of subject

matter jurisdiction under 28 U.S.C. § 1332).

On a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1)[1] for lack of subject matter jurisdiction, it is the Court's duty to resolve disputed jurisdictional facts. *See Cargill International S.A. v. M/T Pavel Dybenko*, 991 F.2d 1012, 1019 (2d Cir. 1993); *see also Ruhrgas*, 526 U.S. at 583, 119 S.Ct. 1563; *Lyndonville Savings*, 211 F.3d at 700. The Court may fulfill its duty by reference to evidence outside the pleadings. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002). Furthermore, in resolving a challenge to subject matter jurisdiction, the Court does not draw inferences in favor of the plaintiff. *See Newsom–Lang v. Warren International*, 129 F.Supp.2d 662, 663–64 (S.D.N.Y.2001).

Out of concern for federal-state comity, Congress enacted the anti-injunction statute, 28 U.S.C. § 2283, which provides that:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

*See also Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Furthermore, the Supreme Court is the exclusive forum for appellate review of state court decisions concerning federal laws. *See* 28 U.S.C. § 1257; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia v. Feldman*, 460 U.S. 462, 482–83, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The *Rooker–Feldman* doctrine bars direct review in the lower federal courts of a state court decision, even if the state decision is based on an erroneous reading or applica-

---

**1.** Although defendants style their motions as those to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), they assert a lack of subject matter jurisdiction. Such arguments are properly analyzed under Fed.R.Civ.P. 12(b)(1), not 12(b)(6). *See Moccio v. New York State Office of Court Adm'n*, 95 F.3d 195, 198 (2d Cir. 1996).

tion of federal law. *See ASARCO Inc. v. Kadish,* 490 U.S. 605, 622, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989); *Moccio v. New York State Office of Court Adm'n,* 95 F.3d 195, 197 (2d Cir.1996); *see also Harris v. New York State Dep't of Health,* 202 F.Supp.2d 143 (S.D.N.Y.2002).

The Second Circuit recently visited these rules and principles in its *Phifer* decision. It instructed that where the precise claims were raised in state court and in a subsequent federal proceeding, *Rooker–Feldman* applies to bar the federal proceeding. If the claims were never presented at the state proceeding, they are not "inextricably intertwined" with it and thus not barred by *Rooker–Feldman. Phifer,* 289 F.3d at 55–56 (citing *Moccio,* 95 F.3d at 198).

In addition, under the doctrine of abstention, federal courts should abstain from granting injunctive relief to restrain pending state judicial proceedings in civil actions if such injunction would disturb federal-state comity and the state forum provides an adequate forum for the claim. *See Younger,* 401 U.S. at 44–46, 91 S.Ct. 746.

A party may not evade these rules and principles of federalism by recasting his claims pending in state court as a civil rights action under 42 U.S.C. § 1983. *See Murray v. Administration of Children's Services,* No. 98 Civ. 7356, 1999 WL 33869, at *1 (S.D.N.Y. Jan. 25, 1999). In *Murray,* the court considered a complaint for damages, as well as declaratory and injunctive relief, arising out of the defendant's seizure of the plaintiff's daughter and commencement of child protective custody proceedings. The plaintiff's claims for damages were barred by the *Rooker–Feldman* doctrine because they sought "reversal of a state court judgment simply by recasting [the] complaint in the form of a civil rights action pursuant to 42 U.S.C. § 1983." *Id.* at *1 (internal quotations and citations omitted). In that case, the plaintiff's claims constituted "a direct challenge to the validity of one or more of the Family Court's interlocutory orders" to seize and place the child in foster care. *Id.* at *2.

Further, because the state proceeding involved the important, traditional state interest of family relations and was adequate to resolve the plaintiff's claims for injunctive and declaratory relief, the doctrine of abstention applied. Because plaintiff did not profer any facts or evidence beyond conclusory pleadings that the state proceedings were brought in bad faith to harass her, nor that there were "exceptional circumstances" beyond the "not uncommon" situation of loss of custody, the *Murray* court dismissed the claims for injunctive and declaratory relief. *Id.* at *1.

Here, the Court's initial review of the Complaint immediately alerted it to the jurisdictional issue. Defendants, too, filed motions to dismiss on that ground. The Court granted Alleyne an opportunity show why this case does not run afoul of *Rooker–Feldman* and abstention doctrines. The Court informed Alleyne that neither the Complaint nor oral argument at the September Conference demonstrated that the Court may take jurisdiction, and granted Alleyne an opportunity to file an opposition brief to Defendants' motions to dismiss. Alleyne, instead, sought to voluntarily dismiss the case under Federal Rule of Civil Procedure 41.

The Complaint seeks to use the protections of 42 U.S.C. § 1983 to stop the State Proceeding. Section 1983 adds to the jurisdiction of federal courts by empowering them to "step in where state courts were unable or unwilling to protect federal rights." *Allen v. McCurry,* 449 U.S. 90, 99–101, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Nevertheless, the relief sought re-

veals that Alleyne seeks to adjudicate custody determinations in this Court as well as the State Court. Section 1983 cannot be used for that purpose. *See Murray*, 1999 WL 33869 at *1–2. Alleyne did not plead or introduce any factual allegations in the instant case that distinguish it from those adjudicated in the State Proceeding. Thus, because the Complaint represents a direct challenge to decisions made in the State Proceeding, this Court lacks jurisdiction over Alleyne's claims for damages. *See Phifer*, 289 F.3d at 55–56; *Murray*, 1999 WL 33869 at *2.

Further, because the Family Court is capable of adjudicating federal and constitutional claims, the Court abstains from taking jurisdiction over Alleyne's claims for injunctive relief against the State Proceeding and for a writ of mandamus returning custody to him. *See Younger*, 401 U.S. at 44–46, 91 S.Ct. 746; *Murray*, 1999 WL 33869 at *1. As the Court lacks jurisdiction over the matter, it will not award costs or fees.

### *ORDER*

For the foregoing reasons, it is hereby

ORDERED that the complaint is dismissed for lack of jurisdiction; and it is finally

ORDERED that the Clerk of Court close this case.

**SO ORDERED**.