**Darrell ALLEYNE, for himself and as natural Parent of Keyshawna Alleyne an infant, Kibin Alleyne an infant, and Edward Alleyne, an infant, Plaintiffs,**

v.

**CITY OF NEW YORK, Administration of Children Services, the New York City Department of Social Services, Jewish Child Care Association of New York, Diana Stephen, in her name and as the foster parent of Keyshawna Alleyne, Velma Alleyne only as the guardian of Kibin Alleyne & Edward Alleyne, Shawanna Hatchett for herself and as natural parent of Keyshawna Alleyne, Kibin Alleyne and Edward Alleyne all infants, Defendants.**

No. 02 Civ. 5602(VM).

United States District Court, S.D. New York.

Jan. 16, 2003.

See also 225 F.Supp.2d 391.

Wuyi Ogunyinka, Anthony & Bernard, P.C., Bronx, NY, for Plaintiffs.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Derrell Alleyne ("Alleyne") originally filed this action in this Court on July 19, 2002, seeking relief for various civil rights violations, on his own behalf and on behalf of his natural children, Keyshawna Alleyne, Kibin Alleyne and Edward Alleyne (collectively, the "Children"). Alleyne amended the complaint on August 15, 2002 (the "Complaint"). On September 30, 2002, the Court dismissed this action, sua sponte, for lack of subject matter jurisdiction "upon such terms and conditions as it deem[ed] proper," pursuant to Fed. R.Civ. P. 41(b). *Alleyne v. City of New York, et al.,* 225 F.Supp.2d 391 (S.D.N.Y. 2002) (*"Alleyne I"*). On October 28, 2002, Alleyne refiled this case in the Supreme Court of the State of New York, Bronx County. The case has since been removed by Defendant City of New York ("City Defendant") and returned to this Court. Alleyne now moves to remand this case to state court pursuant to 28 U.S.C. § 1447(c). For the reasons set forth below, the Court GRANTS Alleyne's motion to remand this case to state court.

Previously, when this case was originally before this Court, Defendants City of New York (the "City") and the Jewish Child Care Association of New York (collectively, "Defendants") had filed motions to dismiss the Complaint for lack of subject matter jurisdiction. However, after the Court granted Alleyne an opportunity to address jurisdictional issues through oral argument and further briefing at a conference held on September 20, 2002, Alleyne sought to voluntarily dismiss the action without prejudice or costs, but Defendants would not agree. Therefore, because federal courts are courts of limited jurisdiction, and must police subject matter delineations on their own initiative, the Court decided the jurisdictional issue on its own

initiative. *See* Fed.R.Civ.P. 12(h)l; *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999); *Lyndonville Savings Bank & Trust. Co. v. Lussier,* 211 F.3d 697, 700 (2d Cir.2000) ("Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte"). Oddly, the City, which argued just months ago that this Court lacked jurisdiction over Alleyne's claim and urged dismissal in favor of consideration of the underlying issues in a state proceeding involving the same parties and operative events, has now decided to remove the same case to this Court from state court.

The factual background of this case was explained fully in *Alleyne I,* but the Court repeats the most relevant facts briefly. 225 F.Supp.2d at 392–393. The Complaint concerns a proceeding before the New York State Family Court, Bronx County (the "State Proceeding"). The State Proceeding was commenced in response to a report that the Children had been abused. During the State Proceeding, the Children were placed in foster care. In April of 1999, the Family Court found that Alleyne and defendant Shawana Hatchett abused the Children directly and derivatively. *See In the Matter of Alleyne Children,* No. NA–11131 33/98, Slip. op. at 1 (N.Y.Fam. Ct. July 5, 2001). Proceedings to terminate Alleyne's parental rights were commenced. In September of 2001, Alleyne surrendered his children for adoption.

In the instant case, as in *Alleyne I,* Alleyne seeks injunctive relief that effectively would end the State Proceeding and return full custody of his children. Alleyne also seeks compensatory damages, costs and fees. Alleyne argues that the actions of Defendants, which were already considered by the State Proceeding, violat-

ed his rights to family integrity.[1] Alleyne also argues that the State Proceeding violated Alleyne's right to family integrity because custody decisions are made on the basis of the "best interests of the child." Further, he alleges that the State Proceeding violated due process because at various times he was not afforded an opportunity to cross-examine witnesses, and various City officials exceeded authority in unspecified ways. (*See* Compl. ¶¶ 17, 19.) Finally, Alleyne asserts that the Family Court "terrorize[d] and harass[ed]." him in a manner that compelled him to surrender two of his children for adoption. (Compl.¶ 18.)

In *Alleyne I*, the Court found that the *Rooker–Feldman* doctrine barred direct review of the State Proceeding by this Court.[2] 225 F.Supp.2d at 393–394. The reasoning that led the Court to dismiss the case for lack of subject matter jurisdiction previously on *Rooker–Feldman* grounds applies equally here on removal. Therefore, the Court has already determined that it lacks subject matter jurisdiction over this case.[3]

The *Rooker–Feldman* doctrine "rests on the principle that a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 137 (2d Cir.1997) (citations omitted). Since only the Supreme Court can entertain an appeal to reverse or modify a state court judgment, "to the extent that the plaintiff's claims [are] 'inextricably intertwined' with the state court's determinations, the federal district court [does] not have jurisdiction." *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir.1996) (citing *Feldman*, 460 U.S. at 482–84 n. 16, 103 S.Ct. 1303). Furthermore, as explained in *Alleyne I*, "a party may not evade these rules and principles of federalism by recasting his claims pending in state court as a civil rights action under 42 U.S.C. § 1983." *Alleyne I*, 225 F.Supp.2d at 394 (citing *Murray v. Administration of Children's Services*, No. 98 Civ. 7356, 1999 WL 33869, at * 1 (S.D.N.Y. Jan. 25, 1999)).

In essence, what Alleyne seeks in the action the City has now removed to this Court is a finding that the State Proceeding was legally flawed; however, this Court is not the appropriate forum for

---

1. The *"Rooker–Feldman"* doctrine refers to the e holdings in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia v. Feldman*, 460 U.S. 462, 482–83, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), that the United States Supreme Court is the exclusive forum for appellate review of state court decisions concerning federal laws. *See generally Harris v. New York State Dep't of Health*, 202 F.Supp.2d 143, 158 (S.D.N.Y.2002).

2. In addition, in *Alleyne I*, the Court held that because the State Proceeding involved the important, traditional state interest of family relations and was adequate to resolve plaintiff's constitutional claims, the doctrine of abstention applied. *Alleyne I*, 225 F.Supp.2d at 394. The abstention doctrine does not apply upon removal of the entire case, because this Court's jurisdiction would no longer interfere with a currently pending state court action, which is an essential element of *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 477 (8th Cir.1995) (abstention inappropriate where entire state action is removed to federal court).

3. Alleyne also argue that this Court should grant their motion to remand because City Defendant has fail to comply with a number of procedural requirements. Since the Court has already determined that subject matter jurisdiction does not exist in this Court, the lack of subject matter jurisdiction is sufficient to remand the action and the Court will not consider these alleged procedural violations.

such judicial review. Alleyne's § 1983 claim constitutes a direct challenge to the validity of the Family Court's interlocutory orders and judgments; and therefore, under the *Rooker–Feldman* doctrine, this Court lacks jurisdiction over Alleyne's claims for damages and injunctive relief. *See Murray,* 1999 WL 33869, at * 2 (plaintiff's claims were barred to the extent they represented a direct challenge to the validity of one or more of the Family Court's decisions); *Phifer v. City of New York,* 289 F.3d 49, 55 56 (2d Cir.2002) (district court barred by the *Rooker–Feldman doctrine* from reviewing Family Court's determinations).

Accordingly, further to the decision already rendered by this Court in *Alleyne I,* which decision should be entirely familiar to the City which removed this case from state court, this case is remanded to the Supreme Court of New York, Bronx County, pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.[4]

## ORDER

For the foregoing reasons, it is hereby

**ORDERED** that this action is remanded to the New York Supreme Court, Bronx County, for lack of this Court's subject matter jurisdiction.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

---

4. Plaintiff also requests sanctions, specifically in the form of a reward of attorney's fees, pursuant to Fed.R.Civ.P. 11. The Court does not find sanctions necessary or appropriate in this case.